UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

Suffolk, ss.

| | |
|---|---|
| _____ ) | |
| BACK BEACH NEIGHBORS COMMITTEE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Docket No_____ |
| ) | |
| TOWN OF ROCKPORT ) | |
| ) | |
| *Defendant*. ) | |
| ) | |
| _____) | |

## Complaint

Now comes the Plaintiff, the Back Beach Neighbors Committee (BBNC or Committee), who makes complaint as follows:

**The Parties**

1.  The Back Beach Neighbors Committee is an unincorporated association of abutters and neighbors who reside along or near the west side the Back Beach in Rockport, MA. The Committee has formed for the purpose of obtaining relief from common problems suffered by its members. The committee maintains contact and a membership list.

2.  The Town of Rockport is an independent municipality of Massachusetts incorporated in 1840. Not governed by a home rule charter like most Massachusett municipalities, it instead has a legislative charter. St. 1959, c. 242; St. 1987, c.619; St. 1995, c. 133. The Town is one of only two municipalities on Cape Ann. It has a long history as a vacation community, an artist colony, a fishing port, and as a mining town. The Town is governed by an executive consisting of an elected Board of Selectmen who supervised a paid full-time Town Administrator. The Town's legislative branch is a traditional open town meeting.

**The Problem**

3.  The fundamental problem of which the Committee complains is that commercial diving is conducted off of the beach in front of their houses. The attendant circumstances of the masses of divers who come to the small neighborhood destroy the Committee member's enjoyment of their property, annihilate their privacy, and threaten the public safety and order. The Committee's political and personal endeavors to limiting or curtail this nuisance

of unregulated scuba diving have been thwarted by the Town of Rockport's policies encouraging the divers.

4.  The east side of Rockport's Beach Street is Back Beach. The west side of Beach Street contains parking, a small bathroom facility and a gazebo.

5.  In the last two decades, especially in the last 5 years, the neighbors have made concerted efforts to persuade the Town of Rockport to mitigate the harmful effects of the diving. They have urged the Town to adhere to its own permitting bylaw. They have petitioned the Selectmen and Town officials for relief. They have been to the Parking Committee to seek relief from the street clogging. They have summoned the police on numerous occasions over drivers undressing in the street, blocking driveways and streets, clanging air tanks, making noise outside of civilized hours, intruding upon the neighbors property and privacy.

6.  The Rockport Police mean well and attempt to mediate the disputes as they arise, however the department is understaffed and not able to do much.

7.  The Town has opted to encourage diving at this location unlike any other beach in the Town. It is the only beach in Rockport which is signed as public parking, rather than resident only or no parking.

8.  The Town has a documented inability and unwillingness to enforce both its beach regulations and the town's bylaws.

9.  The Town is solicitous of divers as a whole. Two of the members of the Town's harbor advisory committee are divers. Members of other committees have had to recuse themselves from scuba diving issues in the past. The Town considers diving to be a useful tourist activity.

10. Rockport's bylaw prohibits commercial activities upon its public beaches without permission in the form of a special permit. The bylaw also limits large groups or organizations. Rockport has only intermittently enforced the permitting requirement. When Rockport has issued permits, it does so without exercising any discretion or collecting any fees. It imposes no conditions or limitations when issuing the permits.

11. The Committee members have suffered an array of harms from the actions and omissions of the Town relating to the divers.

12. On numerous occasions on summer weekend nights, night divers have been causing noise, and clanging tanks until 1AM, while a fresh group of divers arrives at 6AM to start the day fresh, depriving the Members of sleep.

13. On several occasions, the Members have witnessed divers changing in the public street or sidewalk, immediately visible from the neighbor's front windows, rather than in the public facilities or on the beach. The Members have seen divers engaging in actual public nudity

to change, rather than simply an issue with bathing suits.  For those neighbors whose houses are within a dozen feet of the sidewalk, this is particularly distressing.  Some of the neighbors have children or grandchildren who are young and impressionable.

14. One of the Committee was subjected to 'doxxing,' the malicious public disclosure of private personal information for purposes of embarrassment or harassment.  In context, the member's information was posted to a niche divers internet forum, pointing toward the most malicious use of doxxing which is to invite or enable unknown persons to retaliate or otherwise assault against the person whose behavior is disapproved of.

15. Although some divers are quite courteous and responsible, others are malevolent and deeply resent the Committee's attempts to regulate or minimize the disruptions posed by the divers.

16. The Town's enforcement officials, when summoned to enforce beach regulations or parking bylaws or criminal laws, will normally warn the diver.  Then they will also proceed to the house of the neighbor who called, thereby revealing the identity of the complainant.  The malevolent strain of divers have taken to retaliating against the Committee Members for summoning the police.

17. The Town has failed to enforce its beach regulation about changing in public.  It has likewise failed to enforce rules and laws about day and nighttime beach access.

18. The Town has failed to enforce parking rules at Back Beach, lax though they are, resulting in neighbors being blocked in their driveway, unable to drive down the street, or unable to return home after being out.

19. Separately, to encourage divers, the Town has different parking layout and metering at Back Beach to make its access easier for strangers.  The parking arrangement at Back Beach is unlike any other public area or beach in Town.  The Town plans to augment this unique arrangement, to Back Beach's detriment, with forthcoming federal funding under the Complete Streets Program.

20. The Town's solicitous stance to the divers is particularly driven by the close political ties that some of the diving schools have to the Town's officials.

21. The divers are becoming a public order and public safety problem.  When a large class of divers arrives at the same time and parks haphazardly, the street is no long a through way preventing fire trucks and public safety vehicles safe passage.

22. A mass of divers, ill-controlled and supervised, is prone to trespassing on the Committee Members land.  The Committee Members are forced to regularly pickup trash and refuse from the diver's activities, which is left strewn on the Member's land.

23. Given the doxxing, and other hostile actions undertaken by the divers, the Members no longer feel safe on their own property.

## I.      Equal Protection (Class of 1)

24. The Committee makes a claim under the Equal Protection Clause of the 14th Amendment and, as applicable, the Civil Rights Act of 1867, for discrimination against its members. Under <u>Village of Willowbrook v. Olech</u>, 528 U.S. 1073 (2000) the Committee makes a class of one argument.

25. The Back Beach Area has been treated differently than all other public beaches in Rockport.  In regards to parking regulations and enforcement, it has been singled out as a place to welcome divers.

26. The Back Beach Area has been singled out for a different enforcement of beach regulations, such as relating to nudity and changing.

27. Scuba diving has been singled out, for amicable treatment, from all other commercial activity or group activity upon the public beach at Back Beach.

28. The Town's permitting for Scuba diving, when enforced at all, is done so differently from all other permitted activity.

29. The Town has conspicuously failed to enforce its decade old bylaw against diving in Rockport Harbors, but only as to Back Beach.

30. The Town has inconsistently interpreted and applied (1) the diving access state law, (2) its own beach regulations, (3) its own parking regulations, and (4) its own diving bylaw, to detriment of the Committee's members.

31. The Town's treatment of the Committee Members and the Back Beach area is arbitrary and violates Due Process.

## II.     Nuisance

32. Reaffirming the prior facts, the Plaintiff further pleads for relief under the doctrine of Nuisance, common law and statutory.

33. The Town's welcoming stance toward scuba divers has deprived the neighbors of their security, peace of mind, and quiet enjoyment of their property.

34. The Town, the adjoining landowner, who maintains the public beach, is liable to suit for private nuisance.

35. Although the divers are accessing waterways in accordance with their rights, the Town is under an obligation to not harm its neighbors, the Committee Members, by creating a nuisance.

36. The Town is also under a legal obligation to abate such nuisances occurring on its property as it can.

37. The Town's failure to use its rights as the permitting authority, the landowner, the enforcing agency, or the legislator, to mitigate the harms posed by the divers (described above) is actionable. The Plaintiff's claim sounds in Private Nuisance, Public Nuisance, and Failure to Abate Nuisance.

## III.    Conferral of Benefit

38. Repeating the prior allegations, the Plaintiff pleads for relief under the 1780 Declaration of Rights

39. In violation of State Constitutional Law, the Town of Rockport has illegally conveyed special benefits or privileges upon divers.

40. Article VI of the Declaration of Rights prohibits the conferral of special benefits upon a man, corporation or class of men. This provision "prohibits the improper use of State power for private interests." Commonwealth v. Ellis, 429 Mass. 362, 371 (1999). Judicial interpretation has provided a gloss, where the Commonwealth or its subdivisions, may confer benefits if some public good comes from the conferral. The deference provided to the Legislature under this Article is similar to rational basis review. Veteran's preferences in civil service hiring for public employment, extension of statutes of limitations where a moral but not legal obligation exists, and grants of eminent domain power to railroads and utility companies have all been held to not offend this Article.

41. However, in this case the benefit conferred by the Town of Rockport is violative of the public trust.

42. The Town has created a special class of people who, in the narrow zone in front of the Committee Members, are exempt from beach regulations, parking rules, trespass, public nudity, and are free to do as they will. The Town has enabled this special franchise by giving out unrestricted permits, without condition, for no fee in contrast to other special permitted activity under the Town's bylaws. The Town has ignored its own legislative enactments, prohibiting commercial or group activities on the public beach, or diving in Rockport Harbors. The Town has staffed its policy bodies and committees, disproportionately, with stakeholders who have economic interest in ensuring continued unrestricted diving.

43. These benefits and immunities conferred by the Town are in violation of the State's Constitutional Provisions, especially Declaration of Rights Article 6, Article 7, and Article 97.

## IV.    Declaration

44. Repeating all factual allegations, the Plaintiff further pleads for a declaration of rights.

45. Any parties whose rights are in substantial disagreement, with standing, have a right to have the controversy examined and decided by the Superior Court under G. L. c. 231A. The Federal Declaratory Relief Act similar provides, in cases where federal rights or laws are at issue.

46. The Town of Rockport has prohibited, by bylaw, Scuba diving in its harbors except for boat repair.  The bylaw has a poorly drafted legal definition of Rockport Harbors which appears to include Back Beach.  The Plaintiff maintains that this bylaw prohibits scuba diving of the type at issue here.  However, the Town has failed to enforce its own bylaw.

47. The federal Occupational Safety and Health Administration (OSHA) has assumed jurisdiction to regulate all diving except that which is strictly scientific diving, which is regulated by NOAA. 29 C.F.R. §1910.401.  The OSHA regulations include addressing Scuba diving specifically includes dive instruction. §1910.401(Appendix C).  The diving companies, even diving instructors, are obliged to verify that there are resources available to transport and treat diving injuries, everyday that they dive.  Dive Instructors are also required to have two attendants available on every dive to assist any divers in distress.  The special provision relating to Scuba diving also requires that the diving company have a rescue diver on standby for each dive. 29 C.F.R. §1910.424(c)(1).

48. The Plaintiff has regularly observed the divers failing to comply with the OSHA safety regulations.  The Town has acquiesced in these violations exposing it to liability for its complicity in the unsafe behavior.

49. The Town's beach access regulations and bylaw prohibit commercial use of the beach absent special permit.  The Town has inexplicably and inconsistently adopted the idea that the diving companies, with their students, who either pay or are paid to dive, are not engaged in commercial operations.   By contrast, the OSHA regulations treat diving instruction, even recreational diving instruction, as commercial behavior even though it is a lesser form.

50. The Commonwealth's statute regulating beach access for divers has been irregularly interpreted by the courts of the Commonwealth. G. L. c. 91 §10D.  The Town of Rockport has adopted an inconsistent and uneven interpretation of §10D.  For example, despite the express language in §10D, and in the Town's beach regulations, the Town has tolerated night dives on the beach.

## V.    Ten Taxpayer Relief

51. The Committee consists of several members, and has more than 10 taxpayers, within the meaning of G. L. c. 40 §53 and other related statutes.

52. The Town has expended substantial sums of money, public resourcez, and police time in support of Scuba diver groups.

53. Scuba diving is a specially hazardous activity.  It is common to place the economic burden of such hazardous activity upon the user.  This is doubly true in the case of users holding a license, such as bars holding liquor licenses.

54. The proper burden of specially dangerous activities, or those heavily regulated by law, are placed upon the user.  For example, it is common for municipalities to require football leagues to pay to have an ambulance specially staffed with a hired detail of firefighters.  Bar are regularly required to have police detail on high volume weekend nights.  Nightclubs holding well-attended concerts are regularly required to have a firefighter or policeman, on detail pay, to enforce fire marshal restrictions from the building code on crowd size and fire exits.

55. Sometimes, rather than directly requiring the user to pay for special service from the municipality, the user is instead required to off-set the drain on public resources by a licensing fee.

56. The Town of Rockport has derogated from both theses principles.  Unlike all other special permits which the Town issues, it does not take fees from the special permits issued to dive groups, when it requires the groups to have permits at all.  Contrary to the federal safety regulations, dive groups frequently go out without attendants or safety divers on stand-by.  The Town allows these dangerous activities to occur, with its solicitous sanction, and does not require the divers to have a police or fire detail.

57. The Town openly foregoes revenue from the divers in the form of permitting fees and fails to require dive groups to shoulder the public cost of underwriting their dangerous activities.  This is an illegal expenditure of public funds and resources which the Court has jurisdiction to enjoin

**Prayer for Relief**

Wherefore the Plaintiff pleads for any such relief the Court may deem just and proper, including but not limited to:

- Declaratory relief about the rights of the parties
- Equitable relief to abate or end the nuisances currently presented by unregulated, unsupervised diving and the non-enforcement of related rules
- Any appropriate compensatory or punitive damages

Respectfully Submitted,
Back Beach Neighbors Committee
By its attorney
/S/ Michael Walsh
Michael Walsh
BBO 681001
Walsh & Walsh LLP
PO Box 9
Lynnfield, MA 01940
617-257-5496
Walsh.lynnfield@gmail.com