UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:20-cv-11274-NMG

BACK BEACH NEIGHBORS COMMITTEE,

    Plaintiff

v.

TOWN OF ROCKPORT,

    Defendants

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiff Back Beach Neighbors Committee ("Plaintiff" or the "Committee"), an unincorporated entity representing a group of residents of the Town of Rockport, brings this Complaint to compel Defendant Town of Rockport ("Defendant or "Town") to enforce rules and regulations against scuba divers who use Back Beach a public beach that is located across from or near Committee members homes. In its Amended Complaint, the Committee brings claims against the Town for: 1) the violation of the Equal Protection Clause of the United States Constitution, 2) private nuisance; 3) the violation of Article VI of the Commonwealth of Massachusetts Declaration of Rights ("Conferral of Benefit"); 4) declaratory judgment; 5) ten taxpayer relief pursuant to G.L. c. 40, § 53; 6) the violation of the Sunday Day of Rest Law G.L. c. 136, §§ 2 and 3; and 7) public nuisance.

For the reasons set forth below, the Town requests that this Court dismiss all of the Committee's claims against the Town. The Town submits this Memorandum in support of its Motion to Dismiss.

II.    FACTS AS PLED IN THE COMPLAINT

The Town accepts the following facts as true for purposes of this motion under Rule 12(b)(6) only.

1. The Committee is an unincorporated association[1] of abutters and neighbors in the Back Beach area of the Town.  Complaint, ¶1.

2. Back Beach is a public beach located on the eastern side of Beach Street.  The west side of Beach Street contains parking, a small bathroom facility and a gazebo.  Complaint, ¶4.

3. In the last two decades, Committee members have summoned the police on numerous occasions over divers undressing in the street, blocking driveways and streets, clanging air tanks, making noise outside of civilized hours, intruding upon the neighbor's property and privacy.  The Town of Rockport Police mean well and attempt to mediate the disputes as they arise, however the department is understaffed and not able to do much.  Complaint, ¶¶ 5, 6.

4. Unlike any other beach in Town, Back Beach is the only beach in Rockport which is signed as public parking, rather than resident only or no parking.  Complaint, ¶ 7.

5. The Town is solicitous of divers as a whole. The Town considers divers to be a useful tourist activity.  Complaint, ¶ 9.

6. Rockport's bylaw prohibits commercial activities upon its public beaches without permission in the form of a special permit. Complaint, ¶ 10.[2]

---

[1] Plaintiff is not a proper plaintiff absent the naming of at least one representative member that "fairly and adequately protect[s] the interests of the association and its members." Fed. R. Civ. 23.2.

[2] A copy of the relevant Town of Rockport Bylaw and Town of Rockport Regulations Applicable to Public Beaches and Parks are attached hereto as Exhibit 1. The Court may take judicial notice of the bylaws and regulations. See Goodall v. Worcester School Comm., 405 F. Supp. 3d 253, (D. Mass. 2019) (on motion to dismiss, court considers "materials… fairly incorporated within the complaint or… susceptible to judicial notice" including "statutes, regulations and formally enacted government policies and procedures.")

2

7. On numerous occasions on summer weekend nights, nigh divers have been causing noise and clanging tanks until 1 a.m., while a fresh group of divers arrives at 6 a.m. On several occasions, Committee members have witnessed divers changing in the public street or sidewalk. Complaint, ¶¶ 13 and 14.

8. The Town's enforcement officials, when summoned to enforce beach regulations or parking bylaws or criminal laws, will normally warn the diver. The Town has failed to enforce its beach regulation about changing in public. It has likewise failed to enforce rules and laws about day and nighttime beach access. The Town has failed to enforce parking rules at Back Beach. Complaint, ¶¶ 16-18.

9. The Town has different parking layout and metering at Back Beach to make its access easier for strangers. The parking arrangement at Back Beach is unlike any other public area or beach in Town. The Town plans to augment this unique arrangement, with forthcoming federal funding under the Complete Streets Program. Complaint, ¶ 19.

10. A mass of divers is prone to trespassing on Committee members land. Committee members are forced to regularly pick-up trash and refuse from diver's activities which is left strewn on the Committee members' land.

III. ARGUMENT

A.    Standard of Review

To withstand a Motion to Dismiss, the facts alleged in the Complaint "must plausibly suggest (not merely be consistent with) an entitlement to relief." See Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). While the Court must accept the allegations of the Complaint as true, the Court should not accept "a wholly conclusory statement of claim … whenever the pleadings [leave] open the

possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Id. at 636 (quoting Bell Atlantic. Corp., 550 U.S. at 561). Rather, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level…" Id. Here, the Committee has failed to set forth factual allegations that raise a right to relief.

B.    The Committee Has Not Stated A "Class-of-One Equal Protection Claim"[3]

In Count I of its Complaint, the Committee purports to bring a so-called class of one equal protection claim against the Town.  Complaint, ¶ 24.  In doing so the Committee alleges that the "Back Beach Area" – not the Committee – has been treated differently than all other public beaches in Rockport and in regards to parking regulations and enforcement has been singled out as a place to welcome divers.  Complaint,  ¶¶ 25, 26. In addition, the Committee alleges that the Town has singled out scuba diving for amicable treatment from all other commercial activities or group activity upon the public beach at Back Beach. Complaint, ¶ 27.   The Committee's Complaint is devoid of any factual allegations that allege that the Committee or its Members, as opposed to the public beach, have been singled out or treated differently than similarly situated residents in the Town of Rockport.

To prevail on an equal protection claim against the Town, the Committee must establish that a "policy or custom " of the Town caused its alleged injuries.  See Monell v. Department of Social Servs., 436 U.S. 658, 691-694 (1978); see also Fabiano v. Hopkins, 352 F.3d 447, 451 (1st Cir. 2003) (in an action alleging civil rights violations, "there can be no municipal liability under a respondeat superior theory").  Specifically, the Committee must establish "both that (1) there existed a municipal custom or policy of deliberate indifference to the commission of constitutional violations . . . ; and (2) this custom or policy was the cause of, and moving force behind, the

---

[3] While not specified in Plaintiff's Complaint, Defendant assumes that Plaintiff's federal civil rights claims are brought pursuant to 42, U.S.C., § 1983.

particular constitutional deprivation of which [it is] complaining." Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991); see also Manarite v. City of Springfield, 957 F.2d 953, 958 (1st Cir.1992); Monell, 436 U.S. at 694. Here the Committee alleges that the Town has a custom of treating Back Beach differently from other public beaches by its different enforcement of parking regulations, beach regulations and bylaws and its amicable treatment of scuba divers. Putting aside that the Committee's allegations are devoid of any allegations that the Town has treated the Committee or its members differently from other residents in the Town of Rockport, or other committees, the Committee's class of one equal protection claim necessarily must fail because according to the Committee, Back Beach is not similarly situated to other beaches in Town and the Committee itself is comprised of more than one person.

To prevail on a class-of-one equal protection claim, the Committee must show that it has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Snyder v. Gaudet, 756 F.3d 30, 34 (1st Cir. 2014) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Complaint, ¶¶ 7 and 19. "In a class of one equal protection claim, proof of a similarly situated, but differently treated, comparator is essential. Snyder, 756 F.3d at 34. "[C]lass-of-one claims require 'an extremely high degree of similarity between [the plaintiffs] and the persons to whom they compare themselves.'" Freeman v. Town of Hudson, 714 F. 3d 29, 38 (1st Cir. 2013) (quoting Cordi–Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007)). Moreover, a class-of-one claim, as its name suggest, cannot be asserted where the burden is shared by other individuals. See Cordi-Allen, 494 F. 3d at 254; see also Campbell v. Rainbow City, Alab., 434 F.3d 1306, 1317 (11th Cir. 2006) (directed verdict on class-of-one claim should have entered because others subject to same treatment in permitting process). The Committee's class of one claim here must fail. First, by its very nature Plaintiff – a Committee

consisting of neighbors – is not a class of one, but rather a group comprised of more than one individual, in this case an association of abutters and neighbors. Complaint, ¶ 1. Because the Committee alleges that its plurality of members are effected similarly by the Town's actions or inactions in the Town's issuance of permits to scuba divers seeking to use Back Beach and in its failure to enforce Town bylaws and regulations against scuba divers using Back Beach, the Committee's class of one equal protection claim fails.

Even if the Committee and its members could be considered to be a "class of one", the Committee's equal protection claim still fails because based on the facts alleged by the Committee, Back Beach is not similarly situated to other public beaches in the Town. According to the Committee, Back Beach is the "only beach in Rockport which is signed as public parking, rather than resident only or no parking." Complaint, ¶ 7. Because the Committee admits that Back Beach is not similarly situated to other beaches, Plaintiff's equal protection claim fails.

Regardless, even if Plaintiff could somehow show that the Committee and its members are a class of one and that the Committee members, as opposed to the beach, are similarly situated to other Town residents, the Committee's equal protection claim would still fail because it is based, in part, on the Committee's assertion that the Town through its Police Department, has not sufficiently enforced its beach regulations, bylaws and parking regulations against scuba divers who access Back Beach. The Committee is not complaining that the regulations and bylaws are being enforced against them in an unequal manner as opposed to the scuba divers or vice versa. Instead, the Committee complains that the Police Department is not enforcing the regulations against the scuba divers. It is well-established that, even where a municipality provides law enforcement, there is no enforceable right to any particular level or type of law enforcement unless state law imposes an affirmative duty to act . See DeShaney v. Winnebago County Dep't of Soc.

6

Servs., 489 U.S. 189, 201-202 (1989); see also Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 759 (2005) (state law determines whether enforceable right to particular benefit or protection); Crystal Dunes Owner Assoc., Inc. v. City of Destin, FL, 476 Fed. Appx. 180, 183 (11th Cir. 2012). "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion." Town of Castle Rock, Colo., 545 U.S. at 756; see Mancuso v. Massachusetts Interscholatic Athletic Assoc., Inc., 453 Mass. 116, 127 n. 23 (2009) ("a person has no property interest in the receipt of a benefit if the entity charged with distributing it has broad discretion to withhold it."). The Committee simply has no right to the particular level and type of law enforcement they seek to have imposed on the scuba divers who use Back Beach. .

Finally, the Committee's class of one equal protection claim premised on the Town's interpretation of its own beach regulation and bylaws and  the issuance of permits to scuba divers fails because even if true, which the Town denies, the application of the same is to the benefit of or a detriment to more than one Committee Member or scuba diving group.

Accordingly, the Committee's class of one equal protection claim must fail.

C.      Plaintiff's Nuisance Claim is Barred By the Massachusetts Tort Claims Act.

In Counts II of its Complaint, the Committee alleges that the Town's "welcoming stance towards scuba divers has created a private nuisance for landowners adjoining Back Beach". In Count VII of its Complaint, Plaintiff alleges that the scuba divers – not the Town - have created a public nuisance by failing to adhere to OSHA requirements.  Both of Plaintiff's nuisance claims must be dismissed. First, the Committee's public nuisance claim contained in Count VII must be dismissed because it is premised on the Committee's allegations that the scuba divers have created a public nuisance by their purported failure to adhere to OSHA.  The Committee's public nuisance

claim is devoid of any factual assertions to support such a claim against the Town and accordingly Count VII of the Committee's Complaint must be dismissed.

The Committee's nuisance claim contained in Count II of the Complaint must also be dismissed because it is premised on the Committee's assertion that the Town has failed to use its "rights as the permitting authority, the landowner, the enforcing agency or the legislator to mitigate the harms posed by the divers." The Committee's nuisance claim against the Town is barred by G.L. c. 258, §10.  Nuisance claims against municipalities in Massachusetts are governed by the Massachusetts Tort Claims Act, G.L. c. 258 ("MTCA").  Morrissey, Trustee v. N.E. Deaconess Assoc., 458 Mass. 580, 590 (2010).  While it is true a municipality owning and controlling land is responsible for a nuisance on its land as any other landowner would be, Leary v. City of Boston, 20 Mass. App. Ct. 605, 608-609 (1985), an action for nuisance may only be brought against a municipality consistent with the provisions of the MTCA.  Section 10 of the MTCA contains three pertinent limitations on actions against municipalities relevant here.  First, G.L. c. 258, § 10(h) bars:

> any claim based upon the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law.

Second, G.L. c. 258, § 10(e) bars:

> Any claim based on the issuance, denial, suspension, or revocation or failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization.

Third, G.L. c. 258, § 10(j) bars:

> any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer.

8

The Committee's nuisance claim is based on the Town's issuance of permits to the scuba divers for their use of Back Beach and the Police Department's failure to enforce rules and regulations that the Committee alleges leads third parties, the scuba divers, to create a nuisance. The Committee's nuisance claim based on the Town's issuance of permits and failure to enforce leading to a nuisance being created by a third party, the scuba divers on the public beach is barred by G,L, c, 258, §10(e)(h) and (j) and therefore must be dismissed.

D.     The Town Has Not Conferred A Special Benefit Upon Divers.

In Count III of the Complaint, the Committee claims the Town has conferred a benefit upon divers in violation of the Massachusetts Declaration of Rights, Mass. Const. Pt. I, art. VI ("Article 6"). Specifically, the Committee claims that the Town has created a special class of people, by "giving out unrestricted permits, without conditions, for no fee in contrast to other special permit activity under the Town's bylaws" and by ignoring "its own legislative enactments, prohibiting commercial or group activities on the public beach, or diving in Rockport Harbors." Complaint, § 42. Plaintiff does not specify the "other" special permit activity Plaintiff is referring to, but the Town of Rockport Regulations Applicable to Public Beaches and Parks does not create scuba divers as a special class of people. Rather the Public Beaches Regulations state in relevant part as follows:

> 13) No commercial activity shall be permitted on any beach or park without the express written permission of the Board of Selectmen. Commercial activity shall include, but not be limited to, bending of foods or goods of any kind where a fee is charged; for class or instruction, except for classes or instruction offered by the town or it's agents.
>
> No organizational groups or large assemblies will be permitted, other than family members, to use any beach or park except with the permission of the Board of Selectmen . . ..

As set forth in the regulations, scuba divers, like other commercial groups must request a special permit from the Town to use the public beaches for commercial activity or to use the public beaches for large group activities.  Plaintiff has made clear that it would like the Town not to issue permits to scuba divers, but the fact that the Town has not singled scuba divers out by denying their permit requests and has issued them permits like other groups who apply to use the public beaches, does not support Plaintiff's claim that the Town has created a special class of people by issuing those permits to scuba divers.

Similarly, the Town did not violate its own bylaw and create a special class of people by allowing scuba divers to use the public beach, including Back Beach, to access the ocean adjacent to the beach.  The Town's bylaw does not prohibit such use of the beach and adjacent water. Rather the bylaw only prohibits scuba diving in Rockport Harbors which the bylaw defines including, "Rockport Harbor, Old Harbor, Granite Pier Harbor and Pigeon Cove Harbor."  Town of Rockport Bylaws, Chapter 9, Sections A.1 and A.10.[4]

The Committee's Article 6 claim is without merit because there is no association of persons that have received an advantage or "particular or exclusive privilege[], distinct from those of the community," who seek a permit to use the public beaches for group or commercial activities. Instead, what the Committee is actually seeking is to have the Town create a special class of people, scuba divers, in order to deny that special class of people permits to use Back Beach. Accordingly, Plaintiff's claim brought for the violation of Article 6 must be dismissed.

     E.      <u>The Committee's Request for a Declaration Must Be Denied</u>

In Count IV of the Complaint, the Committee seeks a "declaration" pursuant to G. L. 231A, the Massachusetts Declaratory Judgment Act. The Committee does not set forth what it seeks to

---

[4] The relevant Town of Rockport Bylaws and Town of Rockport Regulations Applicable to Public Beaches and Parks are attached hereto as Exhibits ….

have this Court declare.  Instead the Committee seeks to have this Court issue "declaratory relief about the rights of the parties."  Complaint, ¶¶ 44-50, and Prayer for Relief. The Committee does not specify those rights and what rights of the Town that it seeks to have this Court declare.

Accordingly, the Committee's request for a declaration contained in Count IV of the Complaint must be denied.

F.     Plaintiff's Request for Ten Taxpayer Relief is Improper

In Count V of the Complaint, the Committee seeks "Ten Taxpayer Relief" pursuant to G. L. c. 40, § 53, alleging that the Town has expended substantial sums of money, public resources and police time to support the scuba diver groups.  Complaint, ¶¶ 51-58.  The Committee's request for relief pursuant to G. L. c. 40, § 53 must be dismissed.  G.L. c. 40, § 33 provides a cause of action to any ten taxpayers that seek to enjoin officials that attempt to unlawfully "raise or expend money or incur obligations" on behalf of the Town.  Specifically, G.L. c. 40, § 33 provides in relevant part:

> If a town . . . or any of its officers or agents are about to raise or expend or incur obligations purporting to bind said town . . . for any purpose or object or in any manner other than that for and in which such town . . . has the legal and constitutional right and power to raise or expend money or incur obligations,  . . . the superior court may,  upon petition of not less than ten taxable inhabitants of the town . . . . determine the same in equity, and may, before the final determination of the cause, restrain the unlawful exercise or abuse of such corporate powers.

First, the Committee here does not identify ten taxable inhabitants to support its claim, but even if there are ten such Committee members, the Committees so-called ten taxpayer claim fails because the Committee does not allege that the Town is about to raise or expend or incur obligations to bind the Town.  Instead the Committee complains that the "Town has expended substantial sums of money, public resources and police time in support of scuba diver grounds" and "openly foregoes revenue from the divers in the form of permitting fees,"  Complaint, ¶¶53,

11

58.  The Committee's allegations, even if true, does not form the basis for a ten taxpayer suit.  A

ten taxpayer suit cannot be used to challenge the general operations of the Town, and instead must

identify the particular action or decision of the Town officials being challenged. The suit must

contained allegations of an actual vote to raise or to pay money or to pledge credit for an illegal

purpose.  See Pratt v. Boston, 396 Mass. 37 (1985) (raising money generally means to raise by

taxation); Fuller v. Trustees of Deerfield Academy & Dickinson High Sch., 252 Mass. 258, 260

(1925 ("there must be allegations of, actual vote to raise or pay money or to pledge credit for an

illegal purpose").  Here, the Committee does not complain of an actual vote to raise or pay money

or pledge credit, to support scuba divers because there has been none. Instead the Committee

complains of money spent by the Town in its general operations, the time spent by police officers

to respond to complaints presumably made by Committee Members about the scuba divers on or

near Back Beach.  The same does not provide for a cause of action pursuant to G. L. c. 40, § 53.

Accordingly, Count V of Plaintiff's complaint must be dismissed.

        G.      There Is No Private Right Of Action to Enforce the Sunday Day of Rest Law.

In Count VI of its Complaint, the Committee alleges that  G.L. c. 136, § 3, the Common

Day Rest Law, prohibits commercial diving in the form of group diving lessons and perhaps

recreational diving on Sundays and that the Town has violated the law by tolerance of scuba divers

who have violated the law and for failing to enforce the law.   Complaint, ¶¶ 59-70.  G.L. c. 136,

does not provide the Committee with a private right of action to enforce the law, even if applicable

to groups of scuba divers and even if commercial and recreational scuba divers are violating the

law by diving off of Back Beach on Sundays. Even if there was a private right of action to enforce

the law again the scuba divers, which there is not, as set forth above, even where a municipality

provides law enforcement, there is no enforceable right to any particular level or type of law

enforcement unless state law imposes an affirmative duty to act . See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 201-202 (1989); see also Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748,  759 (2005) (state law determines whether enforceable right to particular benefit or protection); Crystal Dunes Owner Assoc., Inc. v. City of Destin, FL, 476 Fed. Appx. 180, 183 (11th Cir. 2012).  "[A] benefit is not a protected entitlement if government officials may grant or deny it in their discretion."  Town of Castle Rock, Colo., 545 U.S. at 756.  The Committee simply does not have an enforceable right to have the Town's Police Department enforce the Sunday Day of Rest Law against scuba divers or any other commercial or recreational group using Back Beach on Sundays.

> H.    The Committee's Failure to Act Claim Must Be Dismissed

In Count VIII of the Complaint, the Committee claims that its civil rights have been violated because the Town has been unable to enforce the beach regulations or its bylaws, and/or does not provide police sufficient resources to enforce the laws,. In addition, the Committee complains that when the Police do respond, they "normally mediate between neighbors and divers."  Complaint, ¶¶ 85-91.   The Committee's claim based on the Town's failure to act, must be dismissed.  Not only has the Town not made a specific promise to the Committee, as opposed to the issuance of the bylaws and regulations for the benefit of all residents of the Town, but as set forth above, the Committee and its Members do not have an enforceable right to any particular level of law enforcement activity.  Certainly, the Committee does not have a protected entitlement to have the Police enforce the bylaws and regulations against the scuba divers in any particular manner.  Whether to "mediate" disputes, is at the discretion of the Police Department. The Committee has no entitlement to any particular outcome.  Accordingly, Plaintiff's "failure to act" claim against the Town must be dismissed.

Case 1:20-cv-11274-NMG   Document 10   Filed 09/25/20   Page 14 of 16

## I.   First Amendment Retaliation

Finally, in Count IX of the Complaint, the Committee alleges that unidentified Committee members who have petitioned the Town Selectmen and committees for years have been retaliated against by the Town.  Complaint, ¶¶ 92-99.  The Committee's First Amendment retaliation claim must be dismissed because the Committee does bring its claim against any individual defendant. Rather, Plaintiff alleges that the "Town" retaliated against the Committee and its Members due to their petitioning activity.      See Monell v. Department of Social Servs., 436 U.S. 658, 691-694 (1978); see also Fabiano v. Hopkins, 352 F.3d 447, 451 (1st Cir. 2003) (in an action alleging civil rights violations, "there can be no municipal liability under a respondeat superior theory").

In addition, the Committee's First Amendment Retaliation claims does not identify the petitioning activity engaged in by a specific Committee Member or the specific Committee member who has been the subject of retaliation based on the petitioning activity.  The Committee includes two examples of alleged retaliation. The first, is an unidentified Committee Member who admits that he installed posts on Town land, but asserts that it is harassment for the Department of Public Works to demand that those posts be removed.  Not only does the Committee Member have other recourse to appeal the decision of the Town seeking to have him remove the posts installed on Town land, there are no factual allegations contained in the Complaint to even raise an inference that any particular Town employee, such as the DPW Director, demanded that the posts on Town land be removed because of some unspecified petitioning activity on the part of the unidentified Committee Member against scuba divers, not the Town,  accessing Back Beach.

The only other incident of retaliation identified by the Committee is the denial of a public records request made by one of the Committee Members.  If not proper the same does not rise to the level of a constitutional violation, but rather a violation of the Commonwealth of Massachusetts

14

Public Records Law, G.L. c. 66, §10. The unidentified Committee Member has a right to appeal the response to his public records request to the Commonwealth of Massachusetts Secretary of State, which appeal is in fact pending. The response to one unidentified Committee member's public records request is not sufficient for the Committee to state a First Amendment retaliation claim against the Town, particularly here where the unidentified Committee Member has other recourse to appeal the Town's response, and the Complaint fails to state the speech that the unidentified Committee Member engaged in and any nexus between his engagement in his or her First Amendment right and the response by an individual Town employee to his or her public record request. Accordingly, the Committee's First Amendment retaliation claim must be dismissed.

### III.    CONCLUSION

The Committee's dispute is with the behavior of scuba divers who access the public parking and public beach near or adjacent to Committee Members property. The Committee' lawsuit against the Town is misplaced as the Committee has no enforceable right to require the Town to enforce its rules, regulations and bylaws to keep the scuba divers from using Back Beach, a public beach in the manner in which the Committee complains. For all of the reasons set forth above, Defendant Town of Rockport respectfully requests that Plaintiff's Complaint be dismissed and judgment enter on all claims in favor of Defendant Town of Rockport.

Respectfully submitted by,

DEFENDANT,

By its attorneys,


/s/ Debora I. Ecker
Deborah I. Ecker (BBO# 554623)
Matthew V. Sirigu (BBO# 704166)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
Date:  September 25, 2020                   decker@k-plaw.com
728506/METG/1161                            msirigu@k-plaw.com


## CERTIFICATE OF SERVICE

I, Deborah I. Ecker, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.


                                            /s/ Deborah I. Ecker
Dated:  September 25, 2020