UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

Essex, ss.

| | | |
|---|---|---|
| Back Beach Neighbors Committee | ) | |
| | ) | |
| v. | ) | Docket No. 20-11274 |
| | ) | |
| Town of Rockport | ) | |

**Motion to Certify Questions of Law**
**To the Massachusetts Supreme Judicial Court**

Now comes the Back Beach Neighbors Committee ("Committee"), who moves to certify two questions of state law to the Massachusetts Supreme Judicial Court. The Committee specifically asks the Court to use its discretion to certify two questions of law:

1. Whether public nuisance claims, as distinguished from private nuisance, are subject to the Massachusetts Tort Claims Act, G. L. c. 258?
2. What elements must a Plaintiff show to plead, or prove, a violation of Article VI of the Declaration of Rights?

**Argument**

Certification of questions of law is a useful tool for resolving complex issues of litigation. The matter of certification is committed to the discretion of the Court. OA VW LLC v. Department of Transportation, 76 F.Supp.3d 374, 379 (D.Mass 2015). Although some court simply do not answer certified questions at all, Massachusetts has adopted the Uniform Certification of Questions of Law Rule. Mass. S.J.C. Rule 1:03. Although federal courts, especially those sitting in diversity jurisdiction, make predictive guesses about state law sometime certify questions is an appropriate manner of determining dispositive issues. Given some gloss, certification is a matter of comity between courts, but it has a place in according states their place in the federal structure as the final arbiters of state law. Williams v. Hanover Housing Authority, 871 F.Supp. 527, 534 (D.Mass 1994) ("While it is within the power of the Court to address matters of state law, such an

interpretation is best made by the judicial authority vested constitutionally with supreme authority to interpret the laws of Massachusetts."). Certification is especially appropriate when the matter is one of intimate concern to the state, such as the structure of its government or the state constitutional rights it affords it officers. <u>LeFrere v. Quezada</u>, 582 F.3d 1260, 1268 (11th Cir. 2009) ("Certification is a valuable tool for promoting the interests of cooperative federalism, and it is especially appropriate in a case like this one where the decisional task involves interpreting the state constitution.") (internal quotation marks omitted). A certified question can also be appropriate if there is a conflict between lines of precedent, leaving the certifying court uncertain which case controls. <u>Foxworth v. St. Armand</u>, 570 F.3d 414, 437 (1st Cir 2009). Ultimately, questions should only be certified if it represents a judicial efficiency, an economy for the parties, and a dispositive issue is presented.

The Committee proposes two questions, one in relation to public nuisance and the other in relation to Article VI of the Declaration of Rights. In relation to public nuisance, the caselaw of Massachusetts state courts is suggestive, but not definitive. <u>Connerty</u> holds that public nuisance claims are not subject to the Massachusetts Tort Claims Act, and newer caselaw like <u>Sullivan</u> appears to support that proposition. However, the Massachusett Supreme Judicial Court in <u>Morrissey</u> overruled 30 years of precedent from the Massachusetts Appeals Court, which excluded private nuisance claims from the Tort Claims Act. <u>Morrissey</u> represented a significant change in law. *See* <u>Shapiro v. City of Worcester</u>, 464 Mass. 261, 269 (2013) (holding that because <u>Morrisey</u> represented a significant change in law, while it was appropriate to apply the substantive provisions of the Tort Claims Act retroactively, the same is not true for the procedural requirements of the Act). <u>Connerty</u> made the Tort Claims Act inapplicable to public nuisance claims, as it had been inapplicable to private nuisance claims. Thus, for most of the period in which <u>Asiala v. Fitchburg</u>,

24 Mass. App. Ct. 13, 18 (1987) was the law, public nuisance and private nuisance were treated similarly, though not identically, in relation to the Tort Claims Act.  With Asiala now overturned, the Tort Claims Act may be counted among the distinctions between private and public nuisance.  Although there are definitely good public policy reasons which can justify the difference, the Supreme Judicial Court should have the opportunity to expound its opinion on the topic.

Likewise, the Court is currently presented with a question as to whether the Committee adequately pled a cognizable claim under Article VI of the Declaration of Rights.  Doe v. Sex Offender Registry Board, 94 Mass. App. Ct. 52, 63-64 (2018), appears to be a significant step forward in jurisprudence in the course of expounding the rights under the 1780 Massachusetts Constitution.  Indeed, the District of Massachusetts has, itself, in various sessions noted the march of jurisprudence with conflicting outcomes.  Markham v. Town of Chelmsford, slip op. docket no. 19-10018-DJC (August 26, 2019) (holding that Doe is a step forward representing direct action upon state constitutional provisions); Pimentel v. City of Methuen, 323 F. Supp. 3d 255, 274 (D. Mass. 2018) (reciting history of decisions addressing direct claims under the Declaration of Rights); Bird v. City of New Bedford, slip op. 17-12159-FDS (September 13, 2019) (holding that while some courts have found a right to sue based on Article 12 of the Declaration of Rights, none have so found based on Article 14); Hootstein v. Amherst-Pelham Reg. School Comm., 361 F.Supp.3d 94, 113-115 (D.Mass 2019) (finding no direct action under Article 97).

"The SJC has never held that there is a right of action to enforce the Declaration of Rights. It did suggest, 35 years ago, in dicta, that such a right `may' be available" Pimental, at 273.  Indeed, the Pimental court noted that decisions about the right to sue under the Declaration of Rights belong to the Massachusetts courts. While the Supreme Judicial Court has not expressly recognized the availability of a remedy founded directly upon the Declaration of Rights, it has

3

entertained such suits before. *See* O'Connor v. Police Commissioner of Boston, 408 Mass. 324 (1990) (complaint founded, in part, directly upon Article 14 rights); Batchelder v. Allied Stores Int'l Inc., 388 Mass. 83 (1983) (imposing liability based directly upon Article 9 right to elect and be elected to public employment); McDuffy v. Secretary of Executive Office of Education, 415 Mass. 545 (1993) (finding an enforceable duty to educate in Part II, c. 5, § 2, of the Constitution); District Attorney of Suffolk v. Watson, 381 Mass. 648 (1980) (finding capital punishment unconstitutional under Article 26); Brown v. Russell, 166 Mass. 14 (1896) (construing Articles 6, 7, and 9 of the Declaration of Rights to hold absolute veteran civil service preference, without examination, unconstitutional as a special prerogative not available to the larger community).

Doe, to the extent it is the revolution in jurisprudence that it appears, is rather measured. It notes that it is prepared to entertain equitable relief founded directly upon the Declaration of Rights in the absence of a statutory vehicle, such as declaratory relief or injunctive relief, but not monetary relief. Put into context, what Doe really does is to adopt a state equitable equivalent of a Bivens action where, because every right has a remedy, an action may be founded directly upon constitutional provisions. Philips, the case heavily relied upon by Pimental, expressly analogizes to Bivens in holding, "The absence of a statutory remedy for the violation of constitutional rights cannot absolutely and in all cases bar judicial protection of those rights." Philips Youth Development Program Inc., 390 Mass. 652, 658 n.4 (1983); 390 Mass. at 657-658 ("We would grant, however, that a person whose constitutional rights have been interfered with may be entitled to judicial relief even in the absence of a statute providing a procedural vehicle for obtaining relief."). Although the Pimental opinion is skeptical of the advancing jurisprudence under the Massachusetts Constitution, the march has been slow but steady. *See* Martino v. Hogan, 37 Mass. App. Ct. 710, 720 (1994) (noting discussion about a state constitution Bivens type action but that

no concrete decision had been arrived at); <u>Goodridge v. Dept. of Public Health</u>, 440 Mass. 309, 316 (2003) (action founded upon Declaration of Rights Articles 1, 6, 7, 10

Given the extent to which this question of a state constitutional <u>Bivens</u> action has divided the District of Massachusetts in just the last handful of years, a certified question on this dispositive issue is justified.

## Conclusion

Wherefore, the Committee respectfully asks the Honorable Court to certify two questions of law to the Massachusetts Supreme Judicial Court.

|  |  |
|---|---|
| 10/13/2020 | Respectfully Submitted,<br>Back Beach Neighbors Comm.<br>By its Attorney<br><br><u>/S/ Michael Walsh</u><br>Michael Walsh<br>BBO 681001<br>Walsh & Walsh LLP<br>PO Box 9<br>Lynnfield, MA 01940<br>617-257-5496<br>Walsh.lynnfield@gmail.com |

## Certificate of Service

I, Michael Walsh, hereby certify that I have served a copy of this motion upon all participating ECF/CM filers on this 13th day of October, 2020.

<u>/S/ Michael Walsh</u>