UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:20-cv-11274-NMG

BACK BEACH NEIGHBORS COMMITTEE,

    Plaintiff

v.

TOWN OF ROCKPORT,

    Defendants

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

    Plaintiff Back Beach Neighbors Committee ("Plaintiff" or "Committee") has filed a Motion to Compel seeking to conduct the depositions of two Town of Rockport employees now, prior to the Court holding an initial scheduling conference in this case, prior to either party exchanging automatic disclosures pursuant to Local Rules 26.1 and 26.2 and prior to the Court rendering a decision on Defendant Town of Rockport's Motion to Dismiss. As grounds for its Motion, Plaintiff argues that because Defendant Town of Rockport did not produce any documents in response to a public records request sent by a purported Committee member, the Town somehow waived its right to object to the initiation of discovery at this early stage.

    Defendant Town of Rockport ("Defendant" or "Town") hereby opposes Plaintiff's Motion to Compel.  Not only is Plaintiff's request for depositions premature, but the premise for Plaintiff's Motion to Compel is nonsensical. Even if the Town somehow waived its right to object to the initiation of discovery at this stage by failing to produce documents in response to a public records request, which the Town denies, at best Plaintiff would be entitled to receive the documents requested by a purported Committee member in his public records request, not conduct depositions of Town employees.  As Plaintiff is well aware, the Town in its response to the public records request, not only objected to the request, but without waiving its objection,

1

informed Tom Giblin the individual making the request that the Town had no documents responsive to the request. As such, Plaintiff's Motion to Compel is frivolous and must be denied.

As further grounds, Defendant states as follows:

Plaintiff, Back Beach Neighbors Committee filed its Complaint on July 6, 2020. Plaintiff filed an Amended Complaint on September 11, 2020. Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on September 25, 2020. Plaintiff filed an Opposition to Defendant's Motion to Dismiss together with a Motion to Certify Questions to the Supreme Judicial Court of the Commonwealth of Massachusetts ("Motion to Certify"). A hearing was held on Plaintiff's Motion to Certify on November 19, 2020. The Court has not yet ruled on Plaintiffs' Motion to Certify or on Defendant's Motion to Dismiss.

On August 2, 2020, after Plaintiff filed its original Complaint, the Town received a public records request from Tom Giblin who the Town understood to be a Member of Plaintiff's Committee. In his public records request, Mr. Giblin sought the following records:

> "The Town of Rockport and Department of Public Works posses [sic] a spreadsheet(s) which document the commercial use permits for Rockport beaches. Please provide a copy of these spreadsheet(s) for year 2020."

The Town did object to the public records request because the Town understood at the time that this matter was in litigation, but without waiving its objection, the Town specifically responded as follows:

> > "Without waiving the foregoing, please be advised that the Town's duty to respond to records requests extends only to records that are in existence and in its custody, and the Town is under no obligation to create records in response to your request. . . . The Town has carefully reviewed your request and its records, and based upon its diligent review, has no records responsive to your request."[1]

---

[1] If Mr. Giblin had for example requested copies of permit applications submitted and copies of permits that were issued by the Department of Public Works, the Town would have provided Mr. Giblin an estimate of cost for production of the responsive documents in accordance with the provisions of the Public Records Law and its implementing regulations, 950 CMR 32.00, et seq., and informed Mr. Giblin that once payment was received the

2

Exhibit 1 – Letter dated August 24, 2020. Mr. Giblin appealed the Town's response to his public records request to the Commonwealth's Supervisor of Public Records on August 30, 2020. The Supervisor of Records concurred with the Town's position and in her final decision, advised Mr. Giblin of his right to petition the Superior Court for relief. Defendant is not aware that Mr. Giblin has filed such a petition. Mr. Giblin's avenue of relief to the Town's response to his public records request is not to seek depositions of Town employees in this litigation, but to appeal the determination of the Supervisor of Public Records upholding the Town's position to the Superior Court. However, any efforts on Mr. Giblin's part would be for naught, because the Town has been clear that the document requested by Mr. Giblin – a spreadsheet - does not exist in the form and with the information requested by him.

As Plaintiff admits in its Motion to Compel, the Committee remains "politically active." Plaintiff's Motion to Compel here is nothing more than another effort by the Committee to exert political pressure on the Town to deny commercial scuba divers permits for the use of the public beach by causing the Town to continue to incur attorneys' fees in having to defend against this motion.

The United States District Court has rules in place that govern the sequencing of discovery. At this juncture, Defendant's Motion to Dismiss is outstanding. Should Defendant prevail, Defendant would not have to incur the cost of depositions in this matter. There is no urgency to having the two depositions Plaintiff seeks go forward that would warrant this Court to grant Plaintiff's Motion to Compel. Defendant has in no way waived the Federal Rules of Civil Procedure governing the sequence of discovery. As set forth above, even if Defendant had done

---

Town would provide him with the documents, subject to any applicable exemptions, within a certain number of days, not foregoing any objection the Town had to the public records request.

so by refusing to provide documents in response to Mr. Giblin's public record request, the remedy would be to order Defendant to produce the documents Mr. Giblin requested not proceed with depositions. As noted by Defendant in its response to Mr. Giblin, the spreadsheets as requested by Mr. Giblin do not exist.

WHEREFORE, Defendant respectfully requests that this honorable Court deny Plaintiff's Motion to Compel and grant Defendant attorneys' fees for having to defend against this frivolous motion.

Respectfully submitted by,

DEFENDANT,

By its attorneys,

/s/ Deborah I. Ecker
Deborah I. Ecker (BBO# 554623)
Matthew V. Sirigu (BBO# 704166)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
decker@k-plaw.com
msirigu@k-plaw.com

Date:  December 7, 2020
742001/METG/1161

CERTIFICATE OF SERVICE

    I, Deborah I. Ecker, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.

                                            /s/ Deborah I. Ecker

Dated:  December 7, 2020