# EXHIBIT 1

JOSEPH P. PARISI, JR.                                                                    TEL: 978-546-3525
DIRECTOR OF PUBLIC WORKS                                                                 FAX: 978-546-3562

**OFFICE OF THE DIRECTOR**

# TOWN OF ROCKPORT

**TOWN OFFICE BUILDING**
**34 BROADWAY**
**MASSACHUSETTS 01966-1537**

August 24, 2020

<u>BY ELECTRONIC MAIL ONLY</u>

Mr. Tom Giblin

Re:    <u>Public Records Request - Town of Rockport</u>

Dear Mr. Giblin:

        The Town of Rockport ("Town") is in receipt of your public records request, dated August 2, 2020, and
received by the Town on August 3, 2020.  Enclosed please find the Town's response to the request.

**Summary of Request**

        In your request, you seek the following records:

        The Town of Rockport and Department of Public Works posses [sic] a spreadsheet(s) which document
        the commercial use permits for Rockport beaches.  Please provide a copy of these spreadsheet(s) for
        year 2020.

        As an initial matter, please be advised that the Town does not consider this request a request for public
records pursuant to 950 CMR 32.06(g) due to the ongoing litigation brought by the Back Beach Neighbors
Committee pending in U.S. District Court, which I understand you are involved.  Specifically, the Public
Records Access Regulations, 950 CMR 32.06(g), provide in relevant part as follows "a request for records in
which an individual, or representative of the individual has a unique right of access by statutory, regulatory,
judicial or other applicable means, shall not be considered a request for public records."  Accordingly, given the
ongoing civil litigation in the case of <u>Back Beach Neighbors Committee</u> v. <u>Town of Rockport</u>, C.A. 20-11274-
NMG, which you are involved, your request does not comprise a public records request and the Town is not
obligated to respond to same under the provisions of the Public Records Law since the disclosure of any records
relative to such litigation will be governed by applicable court rules and/or court orders.

        Without waiving the foregoing, please be advised that the Town's duty to respond to records requests
extends only to records that are in existence and in its custody, and the Town is under no obligation to create
records in response to your request.  Furthermore, the Town is not required to answer questions in response to a
public records request.  <u>See</u> "A Guide to the Massachusetts Public Records Law," March 2020, published by the
Secretary of the Commonwealth, at page 40.  The Town has carefully reviewed your request and its records,
and based upon its diligent review, has no record responsive to your request.

You may appeal this response to the Supervisor of Public Records pursuant to 950 CMR 32.08(1)(d). By law, the Supervisor is required to respond within 10 business days of receipt of your appeal. You may also seek judicial review of an unfavorable response by commencing a civil action in the superior court, under G.L. c. 66, §10A(c). Thank you.

Sincerely,

Gary M. LeBlanc
**Assistant Director of Public Works**