UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BACK BEACH NEIGHBORS COMMITTEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOWN OF ROCKPORT, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> NO. 20-11274-NMG |

**MEMORANDUM OF DECISION AND ORDER
ON PLAINTIFF'S MOTION TO CERTIFY QUESTIONS OF LAW
TO THE MASSACHUSETTS SUPREME JUDICIAL COURT**

February 3, 2020

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Back Beach Neighbors Committee ("Plaintiff" or the "Committee"), an unincorporated entity representing a group of residents of the Town of Rockport, has brought this action against the Town of Rockport ("Defendant," the "Town" or "Rockport") challenging the Town's alleged failure to prevent or control commercial scuba diving off the beach in front of the Committee members' homes. The Committee has brought a nine count Amended Complaint seeking equitable and declaratory relief, as well as monetary damages. (Docket No. 8). The Town responded with a Motion to Dismiss, pursuant to which the Town is seeking the dismissal of all the claims against it for failure to state a claim upon which relief can be granted. (Docket No. 9). In addition to opposing the Motion to Dismiss (see Docket No. 12), the Committee filed a motion requesting that the District Court certify two questions to the

Massachusetts Supreme Judicial Court ("SJC") before ruling on the Town's Motion to Dismiss. (Docket No. 13).

Specifically, the Committee contends that the following two questions should be certified to the SJC:

1. Whether public nuisance claims, as distinguished from private nuisance, are subject to the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258?

2. What elements must a Plaintiff show to plead, or prove, a violation of Article VI of the Declaration of Rights?

According to the Committee, the law with respect to these two issues is unclear, and must be answered in order for the court to address the Town's motion to dismiss two Counts of the Plaintiff's Amended Complaint, including its claim that the Town is liable for creating a public nuisance (Count VII), and its claim that the Town violated the "Conferral of Benefits" provision of the Massachusetts Declaration of Rights (Count III). The Town opposes the request for certification on the grounds that the relevant law is not unclear, and that these issues do not need to be resolved in connection with the pending motion to dismiss.

After careful consideration of the oral and written arguments of the parties, and for the reasons detailed herein, Plaintiff's "Motion to Certify Questions of Law to the Massachusetts Supreme Judicial Court" (Docket No. 13) is DENIED.

## II. STATEMENT OF FACTS

The following facts are undisputed unless otherwise indicated.

### The Parties

The plaintiff Committee is an unincorporated association of abutters and neighbors who reside along or near the west side of Back Beach in Rockport, Massachusetts. (Am. Compl.

[2]

(Docket No. 8) ¶ 1).  The Defendant Town of Rockport is an independent municipality of Massachusetts with a long history as a vacation community, an artist colony, a fishing port, and a mining town.  (Id. ¶ 2).

### Local Commercial Scuba Diving

The members of the Committee claim that they have been harmed by the commercial scuba diving that is conducted off the beach in front of their homes. (Id. ¶ 3).  Over the past 20 years, the police have been called to the neighborhood numerous times due to complaints about divers undressing in the street (becoming completely nude within the view of homes), blocking driveways and streets, clanging air tanks, making noise outside of civilized hours, and intruding upon the neighbors' property and privacy.  (Id. ¶¶ 5-6, 22).  The Plaintiff claims that Rockport is responsible for creating these problems, which infringe upon its members' rights, by issuing permits to scuba divers and encouraging divers to park at Back Beach, which is the only beach in Rockport with signs that read "public parking" rather than "resident only" or "no parking."  (Id. ¶ 7).  While commercial diving and other commercial activity is generally prohibited on Town beaches unless the participants have acquired proper permits, Rockport considers diving a useful tourist activity and allegedly issues scuba diving permits without restriction.  (Id. ¶¶ 9-10).

### Causes of Action

Of relevance to the instant dispute, in Count VII of its Amended Complaint, the Committee alleges that the manner in which scuba diving has been conducted from Back Beach constitutes a public nuisance.  (Id. ¶¶ 71-85).  The Committee contends that the question whether a claim of public nuisance is precluded by the doctrine of sovereign immunity under

the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258 ("MTCA"), is an open question of law which must be decided in connection with the pending motion to dismiss. The Town objects to certification, arguing that it has not claimed sovereign immunity and has moved to dismiss this Count on various other grounds. The Town further argues that the relevant law is not unclear.

In Count III of the Amended Complaint, entitled "Conferral of Benefit," the Plaintiff alleges that the Town has violated Article VI of the Massachusetts Declaration of Rights by conferring special benefits or privileges upon divers.[1] (Id. ¶¶ 38-43). The Committee contends that it is an open question as to whether there is a private cause of action under the Massachusetts Declaration of Rights, and that this question must be resolved before the court can rule on the motion to dismiss this Count of the Amended Complaint. The Town argues that it has not moved to dismiss on the basis that there is no private right of action, so the issue does not need to be resolved at this time. It argues further that the law on this point is not so unclear as to warrant certification.

Additional facts will be provided below where appropriate.

---

[1] The Conferral of Benefits claim is based on the Massachusetts Declaration of Rights, Mass. Const. Pt. I, art. VI ("Article VI"), which states:

> No man, nor corporation, or association of men, have any other title to obtain advantages, or particular and exclusive privileges, distinct from those of the community, than what arises from the consideration of services rendered to the public; and this title being in nature neither hereditary, nor transmissible to children, or descendants, or relations by blood, the idea of a man born a magistrate, lawgiver, or judge, is absurd and unnatural.

### III. ANALYSIS

**A. Standard of Review for Certification of Questions of Law**

Federal courts can certify questions to the SJC in cases where there is no controlling precedent and where the questions may be determinative of the pending cause of action. Ropes & Gray LLP v. Jalbert ( In re Engage, Inc.), 544 F.3d 50, 52 (1st Cir. 2008). "[T]he fact that a legal issue is close or difficult, however, is not normally enough to warrant certification." Id. at 57 (additional citation and internal quotation marks omitted). Similarly, certification is inappropriate where state law is sufficiently clear to allow prediction of its course. Id. at 53; Perez v. Greater New Bedford Vocational Tech. Sch. Dist., 988 F. Supp. 2d 105, 110 n.1 (D. Mass. 2013). On the other hand, certifying a question can be appropriate if there is a conflict between lines of precedent, leaving the certifying court uncertain as to which case controls. Foxworth v. St. Armand, 570 F.3d 414, 437 (1st Cir. 2009).

Even when both parties agree that the "claim has raised novel issues of Massachusetts law," questions cannot be certified when the factual record is not sufficiently developed to enable the SJC to fully answer the question presented. Encompass Ins. Co. v. Shlosman, No. 07-10400-GAO, 2008 WL 11388713, *7 (D. Mass. Jul. 24, 2008). "The SJC has cautioned that certification must be accompanied by 'non-hypothetical, evidentiary facts to allow [the SJC] to adequately determine the answers.'" Griffith v. U.S., 858 F. Supp. 278, 283 (D. Mass. 1994) (quoting Canal Elec. v. Westinghouse Elec. Corp., 406 Mass. 369, 372, 548 N.E.2d 182, 184 (1990)). Applying these principles to the instant case compels the conclusion that the motion to certify must be denied.

### B. The Public Nuisance Claim

As noted above, the first question that the Committee is seeking to certify is:

1. Whether public nuisance claims, as distinguished from private nuisance, are subject to the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258?

The crux of the Plaintiff's question is whether the MTCA applies to claims of public nuisance and, if so, whether the Town is immune from a claim of public nuisance under the MTCA.

Briefly, the Committee contends that in the case of Morrissey v. New England Deaconess Ass'n – Abundant Life Cmtys, Inc., 458 Mass. 580, 940 N.E.2d 391 (2010), the SJC ruled for the first time that claims of private nuisance against a public entity are governed by the MTCA.  It then went on to conclude that, pursuant to §§ 10(b) & (e) of the MTCA, public entities have not waived their sovereign immunity in connection with claims of private nuisance based (like the instant case) on the issuance of permits or the exercise of a discretionary function.  See id. at 592-94, 940 N.E.2d at 402-03.  The Committee argues that the SJC did not address the issue whether claims of public nuisance are to be treated in the same manner, *i.e.*, whether such claims are governed by the MTCA and, if so, whether public entities have waived sovereign immunity with respect to claims of public nuisance.  The resolution of this issue, according to the Committee, is necessary to resolve the Town's motion to dismiss the claim of public nuisance.

This court concludes that there is no reason to certify this question to the SJC.  As an initial matter, the law relating to a public nuisance claim against a public entity does not appear

to be so uncertain that it is necessary for the State's highest court to be involved at this stage.[2] "[I]n no case in this jurisdiction . . . has recovery in public nuisance been allowed against any public entity." Connerty v. Metropolitan Dist. Com'n., 398 Mass. 140, 150, 495 N.E.2d 840, 846 (1986) (and cases cited) (abrogated on other grounds by Jean W. v. Commonwealth, 414 Mass. 496, 610 N.E.2d 305 (1993)). See also Town of Hull v. Massachusetts Port Auth., 441 Mass. 508, 517-519, 806 N.E.2d 901, 908-10 (2004) (court declines "to disturb the principles set forth" in Connerty that no public nuisance claim has been allowed against a public entity, and concludes "that the town may not maintain an action against Massport for public nuisance"). The Town argues, among other reasons, that this principle warrants the dismissal of the Committee's public nuisance claim, and nothing in Morrisey has called this line of cases into question. (See Town's Reply to Plaintiff's Opp. to Defendant's Motion to Dismiss Amended Complaint ("Reply") (Docket No. 16) at 1-2). Thus, in ruling on the motion to dismiss, the court may need to decide whether a claim of public nuisance can be brought against the Town at all –not, as the Committee asks, whether the MTCA is applicable. The proposed question is not relevant to the issues raised in the motion to dismiss.

The proposed question is also irrelevant to the Town's alternative basis for dismissal, namely that the facts as alleged in the Amended Complaint are insufficient to state a claim of public nuisance. (See id. at 2-3). "To maintain a public nuisance action, a plaintiff must show that the public nuisance has caused some special injury of a direct and substantial character other than that which the general public shares." Connerty, 398 Mass. at 148, 495 N.E.2d at

---

[2] Nothing herein is intended to express the court's opinion as to the merits of the pending motion to dismiss.

845.  "Without such a particularized injury . . . the remedy for a public nuisance must be sought by public authorities."  Id.  See also Strahan v. Sec'y Mass. Exec. Off. of Energy & Envir. Affairs, 436 F. Supp. 3d 470, 476 (D. Mass. 2020) (private plaintiffs may bring public nuisance claims only "in the rare circumstance where 'the public nuisance has caused some special injury of a direct and substantial character other than that which the general public shares.'") (quoting Sullivan v. C.J. for Admin. & Mgmt. of Trial Ct., 448 Mass. 15, 35, 858 N.E.2d 699, 716 (2006) (additional quotation omitted)).  According to the Town, the allegations of the Amended Complaint do not state a claim for relief because the claim is based on the Committee's contention that the scuba divers, and not the Town, have engaged in wrongdoing, the "Plaintiff has not alleged that the use of the beach by the scuba divers is an unreasonable interference with a right common to the general public[,]" and because "Plaintiff has not alleged that the purported public nuisance has caused some special injury to Plaintiff of a direct and substantial character other than that which the general public shares to confer standing on Plaintiff to bring such a claim."  (Reply at 1-2).  In order to resolve the motion to dismiss the court will need to determine whether the allegations of the Amended Complaint are sufficient to state a claim of public nuisance.  The court will not need to reach the issue of the applicability of the MTCA, and the answer to the proposed question for certification will not resolve the issue presently before the District Court.

      Finally, assuming, *arguendo*, that a public nuisance claim can be brought against the Town, and the Amended Complaint survives the motion to dismiss, the Plaintiff's public nuisance claim would at that stage require the development of the factual record.  The underlying facts relating to events on the beach are in dispute.  Certification is not appropriate

where, as here, "the record of this case is not yet fully developed and could not be presented, in fairness, to the Supreme Judicial Court for review." Griffith, 858 F. Supp. at 283.  For all these reasons, this court denies the request to certify the first question presented by the Committee.

### C. Declaration of Rights

The second question the Town has requested be certified is:

2. What elements must a Plaintiff show to plead, or prove, a violation of Article VI of the Declaration of Rights?

This question relates to Count III of the Amended Complaint in which the Plaintiff has alleged that "[t]he Town has accorded scuba divers special privileges, such as not taking any fees from them when granting commercial permits to use the beach." (Plaintiff's Opp. to Defendant's Motion to Dismiss ("Pl. Opp.") (Docket No. 12) at 9).  Although the Plaintiff has proposed a question asking for a description of the elements of a claim under Article VI, the Committee clarified at oral argument that its question is directed to whether a private cause of action exists under Article VI of the Massachusetts Declaration of Rights.  As detailed herein, the resolution of this issue is not necessary to resolve the pending motion to dismiss.

Federal courts in this District have differed as to whether "a cause of action can, in certain circumstances be brought directly under the Massachusetts Declaration of Rights in the absence of a statutory vehicle for obtaining relief." Podgurski v. Dep't of Corr., No. 13-11751-DJC, 2014 WL 4772218, *7 (D. Mass. Sept. 23, 2014) (holding that "as a general proposition" such a claim should be able to be brought); see also Markham v. Town of Chelmsford, No. 19-10018-DJC, 2019 WL 4016433, *4 (D. Mass. Aug. 26, 2019) (denying motion to dismiss because there may be a direct constitutional claim for declaratory or injunctive relief under Massachusetts law).  But see Pimentel v. City of Methuen, 323 F. Supp. 3d 255, 274 (D. Mass.

2018) (holding that the court "is of a different view" than Podgurski, and notes that no Massachusetts appellate court has held that there is a direct cause of action to enforce the Declaration of Rights); accord Hootstein v. Amherst-Pelham Reg'l School Comm., 361 F. Supp. 3d 94, 114-15 (D. Mass. 2019); Zarba v. Town of Oak Bluffs, No. 19-11368-LTS, 2020 WL 4597012, *2 (D. Mass. Aug. 11, 2020).  No cases have been found addressing the issue of a direct cause of action under Article VI of the Massachusetts Declaration of Rights in particular.

As noted above, "even in the absence of controlling precedent, certification would be inappropriate where state law is sufficiently clear to allow [the court] to predict its course." In re Engage, Inc., 544 F.3d at 53.  Nevertheless, even assuming, *arguendo*, that the issue whether a private cause of action may be maintained is a sufficiently unresolved issue of Massachusetts law so that certification could be appropriate under the right circumstances, this is not such a case.  For purposes of its motion to dismiss, the Town has assumed that a direct claim can be brought under Article VI, but contends that the allegations of the Amended Complaint are insufficient to state such a claim.  Thus, the court will not need to reach the question the Committee proposes to have certified to the SJC when ruling on the motion to dismiss, and certification, therefore, is not appropriate.  Id. at 52 (certification is appropriate only where the question presented "may be determinative of the pending cause of action.").

Specifically, the Town has moved to dismiss this Count on the grounds that "the Town of Rockport Regulations Applicable to Public Beaches and Parks does not create scuba divers as a special class of people" and because "[t]he Town's bylaw does not prohibit [scuba divers'] use of the beach and adjacent water." (Mem. of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Def. Mem.") (Docket No. 10) at 9-10).  As the Town argues:

> The Committee's Article VI claim is without merit because there is no association of persons that have received an advantage or "particular or exclusive privilege[], distinct from those of the community," who seek a permit to use the public beaches for group or commercial activities.  Instead, what the Committee is actually seeking is to have the Town create a special class of people, scuba divers, in order to deny that special class of people permits to use Back Beach.  Accordingly, Plaintiff's claim brought for the violation of Article 6 must be dismissed.

(Id. at 10).  The Plaintiff has responded that the Town has raised a factual dispute that must be addressed at the summary judgment stage, and not as part of a motion to dismiss.  (Pl. Opp. at 9).

Since the Town has not moved to dismiss this claim due to the lack of a private right of action, resolution of the question proposed by the Committee would not resolve the motion to dismiss.  Consequently, certification is not warranted.  Moreover, as the Committee itself recognized in its opposition to the motion to dismiss, if the Count survives the motion to dismiss there are a number of disputed facts which will need to be explored during discovery. "Where, as here, the factual record has not been fully developed and contains unresolved issues of disputed fact, certification would be improper."  Encompass Ins. Co., 2008 WL 11388713, at *7.  For all these reasons, the request to certify the second question is denied as well.

### III. ORDER

For the reasons detailed herein, Plaintiff's "Motion to Certify Questions of Law to the Massachusetts Supreme Judicial Court" (Docket No. 13) is DENIED.

    / s / Judith Gail Dein
    Judith Gail Dein
    United States Magistrate Judge

[11]