United States of America
District of Massachusetts

Suffolk, ss.

_____ )
                                          )
BACK BEACH NEIGHBORS COMMITTEE            )
                                          )
v.                                        )        Docket No. 20-11274
                                          )
TOWN OF ROCKPORT                          )
_____ )

### Motion to Sanction under Rule 37(g) or
### In the alternative for a Rule 16 Conference

Now comes the Plaintiff, the Back Beach Neighbors Committee, who moves this Honorable Court to Sanction the Town of Rockport under Fed. R. Civ. Pro. Rule 37(g).  The Town has, repeatedly refused to entertain any discussion of discovery.

### Argument

In 1980, the new subsection (g) was added to Fed. R. Civ. Pro. Rule 37.  Subsection (g) allows the Court to impose some suitable sanction for a failure to participate, in good faith, in an attempt to frame a discovery plan or conference as under Fed. R. Civ. Pro. Rule 26(f).  There is limited case law interpreting Rule 37(g).

Against this background it must be remembered that the Rule of Civil Procedure are an orderly and efficient set of rules designed to productive channel the efforts of the parties. "[T]he discovery process is at the heart of federal trial practice." Anderson v. Beatrice Foods Co., 900 F.2d 388, 393 (1st Cir. 1990) *quoting* Anderson v. Beatrice Foods Co., 129 F.R.D. 394, 403 (D.Mass 1989).  The Court has wide latitude in applying the rules of discovery and formulating remedies for their abuse.  This is because, "District judges live in the trenches, where discovery battles are repeatedly fought." Fashion House, Inc. v. K-mart Corp., 892 F.2d 1076, 1082 (1st Cir. 1989).

1

The Town considers itself exempt from the requirement to work together in good faith. "[D]iscovery in this case was not stayed until the defendants' dispositive motion had been fully briefed by all parties and taken under advisement by the district court," nor has the Town applied for such an order. <u>Aponte-Torres v. University of Puerto Rico</u>, 445 F.3d 50, 59 (1st Cir. 2006). *See also* <u>Puerto Rico Maritime Shipping Auth. v. Leith</u>, 668 F.2d 46, 48 (1st Cir. 1981) ("[T]he defendants moved for a stay of discovery pending a ruling on their motion to dismiss.").  Indeed, it is highly likely that the Town has not applied for a stay because they could not meet the "good cause" requirement of Rule 26. *See* <u>NPS v. Ambac Assurance Corp.</u>, 706 F.Supp.2d 162, 167 (D.Mass 2010) (granting stay of discovery for "good cause" under F.R.C.P. 26); <u>Dynamic Imaging Technologies v. United States</u>, 221 F.3d 34, 38-39 (1st Cir. 2000) (explicating on stays of discovery). "Courts, like the Deity, are most frequently moved to help those who help themselves." <u>Paterson-Leitch v. Massachusetts Electrical</u>, 840 F.2d 985, 989 (1st Cir. 1988) (commenting upon a party's failure to invoke Rule 5(f) to delay summary judgment until further discovery could be obtained).

In this context, Magistrate Judge Robertson of this District wrote:

> The court has broad discretion to stay discovery pending resolution of a motion to dismiss. *See* <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." <u>Microfinancial, Inc. v. Premier Holidays Intern., Inc.</u>, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." <u>Marquis v. F.D.I.C.</u>, 965 F.2d 1148, 1155 (1st Cir. 1992). The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1). *See* <u>Pub. Citizen v. Liggett Grp., Inc.</u>, 858 F.2d 775, 789 (1st Cir. 1988).

Dicenzio v. Massachusetts Dept. of Corrections, slip op. 15-cv-30152-MGM (D.Mass January 13, 2016).

Nowhere in the Rules of Civil Procedure is there a provision staying discovery pending dispositive motions. There is no such presumption or indication in the rules. The closest provision is Fed. R. Civ. Pro. Rule 26(d) (governing timing of discovery) which prohibits discovery, without leave of the court or agreement of the parties, until the parties have conferred under Rule 26(f) (providing for discovery conferences). However Rule 26(f) only requires that the parties speak about set topics, at the earliest convenience, and do so in good faith. A blanket refusal to attend to this obligation, before the decision on a dispositive motion, allows the uncooperative party to hold up litigation at its pleasure. The Town of Rockport has made such a blanket refusal.

Judicial economy and the progress of the litigation cry out for a remedy: and where the facts are uncertain or at least disputed, then the commencement of discovery is the correct answer. The sufficiency of the factual record was raised in the certification motion before Magistrate Judge Dein. Likewise, the Committee asserted in opposition to the motion to dismiss that several of the relevant arguments had factual disputes, thus not being ripe for a Rule 12 motion.

The proper remedy for this unilateral obstruction is provided for in Rule 37(g) which provided for sanctions for the failure to layout a discovery plan and confer in accordance with Rule 26(f). *See* Damiani v. Rhode Island Hospital, 704 F.2d 12, 16 (1st Cir. 1983) ("If such conduct were condoned by a slap on the wrist,… [the Court] might well find the lawyers calling the tune on discovery schedules.") The Committee seeks that remedy here. "Rule 37 sanctions must be applied diligently," both to punish and to deter. Roadway Express Inc v. Piper, 447 U.S. 752, 763-764 (1980). Alternatively, the Court should set a Rule 16 conference which would concretely put all the parties to their obligations under Rule 16 and Rule 26.

If the Town thought the merits of its motion to dismiss so superlative, then it could and should move for a stay of discovery.  Elsewise, the Town is simply litigating in a most obstructive and cynical manner by attacking the Plaintiffs for exacerbating time and cost while refusing to materially advance the case one step forward, rather than insisting on waiting for its Rule 12 motion.  The Court cannot allow the Town to seize control of the case by a unilateral act of non-cooperation in derogation of Rule 26(f) and Rule 37(g). "The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience. The processing of cases must proceed expeditiously if trials are to be held at all." Damiani, at 16.  *See also* Higuera v. Pueblo Int'l, Inc., 585 F.2d 555, 557 (1st Cir.1978) ("There comes a point when the question arises who is running the court — counsel, or the judge. To this there can be but one answer."). "Were the rule otherwise… the lawyers, not the judge, would be running the docket." Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 8 (1st Cir. 1990).  "At the very least, such violations undermine the court's efforts to manage its docket efficiently and effectively." Young v. Gordon, 330 F.3d 76, 83 (1st Cir. 2003).

The Court should sanction the Town for its refusal to entertain any discussion of discovery and its failure to assist in framing a discovery plan.

> Respectfully Submitted
>
> Back Beach Neighbors Committee
> By its Attorney
>
> /S/Michael Walsh
> Michael Walsh
> Walsh & Walsh LLP
> PO Box 9
> Lynnfield, MA 01940
> Walsh.lynnfield@gmail.com
> 617-257-5496

**Certificate of Service**

I, Michael Walsh, certify that I have served a copy of this Motion upon Attorney Ecker through the Court's online electronic filing system on this 19th day of March, 2021.

/S/ Michael Walsh