United States District Court
District of Massachusetts

| | |
|---|---|
| Back Beach Neighbors Committee,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Town of Rockport,  )<br>)<br>Defendant.  )<br>) | Civil Action No.<br>20-11274-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a dispute between the Back Beach Neighbors Committee ("Committee") and the Town of Rockport, Massachusetts ("Town") over the purported failure of the Town to enforce regulations and municipal bylaws against individuals engaging in commercial and recreational scuba diving.[1]  Pending before the Court is the motion of defendant to dismiss plaintiff's complaint.

---

[1] In using the term "commercial" scuba diving, the Court refers to professional divers who provide equipment and instruction to paying customers rather than companies or individuals engaged in commercial fishing operations.

-1-

## I.     <u>Background</u>

Rockport is one of two municipalities on Cape Ann on the North Shore of Massachusetts. The Committee is an unincorporated organization of Rockport residents who live in the vicinity of Back Beach, a public beach in the harbor of Rockport. Back Beach has a small bathroom facility and is the only beach in the Town to offer public parking which makes it especially attractive to tourists.

For several years, members of the Committee have complained to Town officials about commercial/recreational scuba diving being conducted in the waters off of Back Beach. The Committee alleges that divers undress in the street, trespass and litter on the property of Committee members, block the street and driveways with their vehicles and create excessive noise through the clanging of air tanks. On weekends during the summer months, night divers engage in such behavior well after sunset.

According to the Committee, Town officials consider diving to be an acceptable tourist activity and fail to enforce several municipal rules and regulations against divers, including undressing in public, misuse of day and nighttime beach access and illegal parking. The Committee also asserts that the Town has only intermittently enforced a Town bylaw that prohibits

commercial activities on public beaches without a permit and that Committee members have suffered an array of harms therefrom.

Plaintiff filed suit in this Court in July, 2020, and before defendant responded it filed an amended complaint as of right in September, 2020.

In the amended complaint, the Committee asserts nine counts against the Town, including: violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Count I); private nuisance (Count II); violation of Article IV of the Commonwealth of Massachusetts Declaration of Rights (Count III); declaratory judgment (Count IV); ten taxpayer relief pursuant to M.G.L. c. 40, § 53 (Count V); violation of M.G.L. c. 136 (Count VI); public nuisance (Count VII); failure to act in violation of 42 U.S.C. § 1983 (Count VIII); and retaliation in violation of the First Amendment to the United States Constitution (Count IX).

The Town filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) in September, 2020, which plaintiff timely opposed.

## II.  Motion to Dismiss

### A.   Legal Standard

To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Threadbare recitals of legal elements which are supported by

mere conclusory statements do not suffice to state a cause of action. Id.

### B.   Count I – Equal Protection Violation

The Town first moves to dismiss Count I of the amended complaint, which asserts a "class of one" equal protection claim against the Town.

An equal protection claim may be brought on a "class of one" theory by a plaintiff demonstrating that he or she

> has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Such a theory requires "an extremely high degree of similarity" between the plaintiff and those who are purportedly in a similar situation. Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (internal citation and quotation omitted). The First Circuit Court of Appeals has cautioned that "class of one" suits "should not transform every ordinary misstep by a local official into a violation of the federal Constitution." Middleborough Veterans' Outreach Ctr., Inc. v. Provencher, 502 Fed. Appx. 8, 11 (1st Cir. 2013).

As an initial matter, the Court doubts that the Committee qualifies as a "class of one" because it is an association of

several different individuals and "[b]y definition, a class of one is not a class of many." Cordi-Allen v. Conlon, 494 F.3d 245, 254 (1st Cir. 2007).

Even assuming that the Committee can be considered a "class of one," the amended complaint fails to state a claim for equal protection. Plaintiff's claim is based on allegations that Back Beach has been treated differently from other public beaches in Rockport and that scuba diving has been treated differently from other commercial activity at Back Beach. Not only does the Committee concede that other Rockport beaches are not relevant comparators because Back Beach is "the only beach . . . which is signed as public parking," it also fails to identify any individuals or groups to which it is similarly situated, such as other residents or neighborhood associations in Rockport.

Consequently, the Committee has not met its burden of "showing that [its] comparators are similarly situated in all respects relevant to the challenged government action." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 640 (1st Cir. 2013). For that reason, defendant's motion with respect to Count I will be allowed.

**C.   Counts II & VII – Public & Private Nuisance**

Defendant next contends that plaintiff cannot maintain claims for either public or private nuisance and, therefore, Counts II and VII should be dismissed.

The amended complaint fails to state a claim for public nuisance because it contains no factual assertions to support a public nuisance claim against the Town.  Instead, the Committee alleges that the scuba divers have created a public nuisance by "failing to adhere to OSHA safety rules and . . . illegally parking" in a manner that blocks emergency access to the area. Even if facts were effectively asserted against the Town, the Committee cannot recover against it for a public nuisance because "in no case . . . has recovery in public nuisance been allowed against any public entity." Town of Hull v. Mass. Port Auth., 441 Mass. 508, 517-18 (2004) (quoting Connerty v. Metropolitan Dist. Com., 398 Mass. 140, 150 (1986)).

As to private nuisance, that claim is subject to the Massachusetts Tort Claims Act ("MTCA"), M.G.L. c. 258, § 1 et seq., which is the "exclusive remedy for bringing tort claims against the Commonwealth and its municipalities." Magliacane v. Gardner, 483 Mass. 842, 850 (2020); see also Morrissey v. New Eng. Deaconess Ass'n, 458 Mass. 580, 592 (2010) (concluding that

...

private nuisance claims against a municipality are within the scope of the MTCA).

The MTCA abrogates the Commonwealth's immunity in many tort actions but preserves such immunity for certain claims enumerated in M.G.L. c. 258, § 10. See Morrissey, 458 Mass. at 592. Relevant exceptions to the waiver of immunity include claims for "failure or refusal to . . . deny, suspend or revoke, any permit," § 10(e), "failure to provide adequate police protection," § 10(h), and "failure to act to prevent or diminish the . . . tortious conduct of a third person," § 10(j).

Here, the private nuisance claim is premised on the Town's purported

> failure to use its rights as the permitting authority, the landowner, the enforcing agency, or the legislator, to mitigate the harms posed by the divers.

Despite the Committee's attempts to recast its allegations in its opposition to the instant motion, the amended complaint plainly alleges that the Town is liable for private nuisance for failing 1) to deny or revoke the permits issued to the divers, 2) to enforce rules and laws against divers and 3) to protect members of the Committee from the harmful acts of the divers. Those purported failures are clearly subject to the exceptions

listed in Chapter 258, § 10(e), (h) and (j) and thus the Town is immune to such private nuisance claims.

Accordingly, Counts II and VII of the amended complaint will be dismissed.

**D.   Count III – Conferral of Benefits**

Article VI of the Massachusetts Declaration of Rights ("Article VI") "prohibits the improper use of State power for private interests." Commonwealth v. Ellis, 429 Mass. 362, 371 (1999).  It does not, however, prohibit the conferral of benefits to private individuals if the public is served thereby. See Leigh v. Board of Registration in Nursing, 399 Mass. 558, 564 (1987).

The Committee alleges that "[t]he Town has created a special class of people," namely scuba divers, who are exempt from local rules and regulations.  The Town rejoins that there is no association of persons who have received an advantage distinct from the general public but the complaint clearly alleges that the Town has provided scuba divers with permits "without conditions, for no fee in contrast to other special permitted activity."

Accordingly, plaintiff has pled sufficient facts to state a claim for the conferral of benefits and thus defendant's motion to dismiss that claim will be denied.

**E.    Count V – Ten Taxpayer Claim**

The Town asserts that Count V of the amended complaint should be dismissed because the Committee fails to state a claim under M.G.L. c. 40, § 53.

The so-called "Ten Taxpayer Statute" provides that ten taxpayers of a municipality may bring suit against local officials when such municipality is "about to raise or expend money or incur obligations" for an illegal purpose. M.G.L. c. 40, § 53.  To bring a claim under the Ten Taxpayer Statute,

> there must be allegations of actual vote to raise or to pay money or to pledge credit for an illegal purpose.

Quigley v. City of Newton, No. 16-P-425, 2016 WL 7381735, at *2 (Dec. 19, 2016) (quoting Fuller v. Trustees of Deerfield Academy, 252 Mass. 258, 260 (1925)).

Here, the Committee alleges that the Town has expended "substantial sums of money, public resource[s], and police time" to benefit commercial/recreational divers.  It also alleges that the Town "openly foregoes revenue from the divers" by failing to

collect permitting fees and that the Town does not require divers to pay for emergency services should the need arise.

To the extent that the Committee seeks reimbursement to the Town for money already spent or revenue foregone, the § 53 claim fails because the statute is not retroactive and thus "cannot be made to reach past transactions." Richards v. Treasurer & Receiver General, 319 Mass. 672, 675 (1946).  As to any allegations of future conduct involving the permitting or enforcement of laws with respect to commercial/recreational divers, the Committee's claim also fails because the amended complaint contains no allegation of an actual, forthcoming vote to raise or spend taxpayer dollars.

The amended complaint contains an allegation of a future expenditure with respect to the expansion of public parking at Back Beach but that does not constitute a § 53 claim because the amended complaint alleges no facts to support an inference that the expenditure of such funds would be contrary to "the legal and constitutional right and power to raise or expend money" as required by the Ten Taxpayer Statute. M.G.L. c. 40, § 53.  As a result, the amended complaint does no more than raise a "sheer possibility" that the Town will act unlawfully which is

insufficient to state a claim. Iqbal, 556 U.S. at 678. Count V will be dismissed.

### F.   Count VIII – Failure to Act

In Count VIII, the Committee alleges that it has received specific promises from the Town to enforce certain beach regulations and town bylaws but that the Town has failed to do so because the local police department is understaffed and underfunded. Accordingly, the crux of the Committee's claim is that the Town has acted in an unconstitutional manner by failing to enforce local rules and regulations.

Although Count VIII is not clear as to which constitutional rights have allegedly been violated, the amended complaint makes a passing reference to a potential due process violation with respect to that count. There is, however, generally no affirmative due process right to governmental assistance. See Martinez v. Colon, 54 F.3d 980, 984 (1st Cir. 1995) ("[T]he Due Process Clause ordinarily does not require the state to protect an individual's life, limb, or property against the marauding of third parties not acting to the state's behoof."). Plaintiff has provided no basis for recognizing an exception to that general rule under the facts alleged as other courts have held under similar scenarios. See, e.g., Hendricks v. Bald, No. 01-

307-M, 2002 U.S. Dist. LEXIS 4407, *10 (D.N.H. Mar. 12, 2002) ("[T]he Due Process Clause imposes no obligation upon the defendants to enforce laws or ordinances prohibiting or otherwise restricting the use of motorized recreational vehicles on property abutting plaintiffs' home.").

Accordingly, Count VIII of the amended complaint will be dismissed.

### G.   Count IX – First Amendment Retaliation

Defendant submits that the Committee fails to state a claim of unlawful retaliation under the First Amendment to the United States Constitution and that, therefore, Count IX should be dismissed.

A plaintiff bringing a First Amendment retaliation claim must show that

> (1) he or she engaged in constitutionally protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) the protected conduct was a substantial or motivating factor in the adverse action.

D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 43 (1st Cir. 2012).  Although such claims are normally brought in the context of an employment relationship, "actionable retaliation may occur outside the employment context altogether." Barton v. Clancy, 632 F.3d 9, 28 (1st Cir. 2011).  A pattern of informal

harassment can support a First Amendment retaliation claim if the alleged harassment has a chilling effect. See id. at 29.

The Committee alleges the Town has engaged in a "pattern of official harassment and retaliation" as a direct result of the Committee's effort, including the filing of this action, to petition the Town to curb the purported violations of local regulations with respect to scuba diving at Back Beach. Because "petition[ing] the Government for a redress of grievances" is constitutionally protected conduct, U.S. Const. amend. I, and because the complaint adequately alleges that such petitioning by the Committee was the motivating factor for the adverse actions it suffered, dismissal of the retaliation claim is unwarranted.

The Town complains that the Committee's First Amendment retaliation claim should be dismissed because it cannot be liable for the acts of its employees. Although it is true that a municipality generally cannot be held liable for the tortious acts of its employees, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, a municipality is responsible for constitutional violations resulting from the application of a municipal "policy or custom." See McElroy v. City of Lowell, 741 F. Supp. 2d 349,

353 (D. Mass. 2010). To find municipal liability on the basis of a custom, that custom must be

> so well-settled and widespread that the policy making officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end it.

Walden v. City of Providence, 596 F.3d 38, 57-58 (1st Cir. 2010).

As noted above, the complaint alleges a "pattern of official harassment and retaliation," that such harassment has "permeated throughout the Town's officialdom," and that the Town has obfuscated or ignored various applications of Committee members in order to harass them. At this early stage in the litigation, such allegations are sufficient to survive a motion to dismiss. As a result, the Town's motion to dismiss Count IX will be denied.

### H. Counts IV & VI – Declaratory Relief & Common Day of Rest Law Claim

In Count IV, the Committee seeks a declaration of rights pursuant to The Massachusetts Declaratory Judgment Act, M.G.L. c. 231A ("Chapter 231A"). Although plaintiff's claim under the Common Day of Rest Law, M.G.L. c. 136 § 1 (Count VI) is pled as a separate count, the claims are clearly related and will therefore be addressed together.

Chapter 231A provides that a court may

> make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen.

M.G.L. c. 231A, § 1.  A court confronted with a claim pursuant to Chapter 231A must first evaluate whether the claim is properly brought and then determine whether the facts alleged in the complaint are sufficient to state a claim for declaratory relief.  See Buffalo-Water 1, LLC v. Fidelity Real Estate Company, LLC, 481 Mass. 13, 18 (2018).  Even if the claim has been properly brought and all factual allegations are true, the court may dismiss it for failure to state a claim. Id. at 20.

In Counts IV and VI, plaintiff seeks a declaration that: 1) the waters off Back Beach fall within the bylaw prohibiting scuba diving in Rockport's four harbors, 2) regulations of the Occupational Safety and Health Administration apply to the scuba diving off Back Beach, 3) the Town's bylaw requiring special permission for commercial use of beaches applies to paid scuba diving instruction off Back Beach, 4) the Massachusetts Diving Access Law or the Town Beach Regulations prohibit night diving, and 5) the Common Day of Rest Law prohibits scuba diving off a public beach.

Assuming <u>arguendo</u> that those claims have been properly brought, the Committee is not entitled to such a declaratory judgment.  The Court has already determined that the complaint fails to state claims for relief except as to Counts III and IX.  Those counts relate to purported retaliatory measures taken by the Town against members of the Committee and alleged benefits improperly conferred upon scuba divers.  Because the legality of scuba diving off Back Beach is no longer an active controversy in the instant action, the Committee has failed to state a claim for such declaratory judgment or for relief under the Common Day of Rest statute.

Accordingly, Counts IV and VI will be dismissed.

### ORDER

For the foregoing reasons, the motion of defendant Town of Rockport to dismiss plaintiff's amended complaint (Docket No. 9) is, with respect to Counts III and IX, **DENIED**, but otherwise, **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 21, 2021