United States of America
District of Massachusetts

Suffolk, ss.

| | |
|---|---|
| Back Beach Neighbors Committee ) | |
| ) | |
| v.                                                        ) | Docket No. 20-11274-NMG |
| ) | |
| Town of Rockport, et al                         ) | |

## Joint Conference Report

Rule 16.1(b)
The Parties have conferred pursuant to Rule 16.1(b), including regarding an agenda of materials to be discussed at the conference, a proposed pretrial schedule, and whether they will consent to trial by a magistrate judge.

**Settlement**
The Plaintiff Committee has tendered a written settlement proposal. L. R. 16.1(c).

**Budget and Alternative Dispute Resolution**
The Plaintiff consents to mediation or ADR.

Defendant does not consent to mediation. Counsel for Defendant has conferred with her client concerning establishing a budget for litigation and use of alternative dispute resolution. Defendant will file the certification required pursuant to Local Rule 16.1(D)(3) under separate cover.

**Consent to Magistrate**
The Plaintiff Committee consents to trial by magistrate judge, reserving their right to a jury trial.
Defendant consents to trial by magistrate judge.

**Plaintiff's Proposed Schedule**
The Plaintiff has already submitted an initial disclosure, The Town will shortly provide theirs.

The Committee does not consent to video depositions.

Motion to determine elements of Article VI claim due by 7/21/2021.
Written discovery (interrogatories and RFA) to be served by 7/31/2021.
First Request for Production to be served by 8/15/2021.
All written discovery to be answered on or before 8/31/2021.
Motion to amend due by 8/31/2021
      MTD amendments due by 9/15/2021
All Experts to be designated and reports served by 9/15/2021.
All non-expert depositions to be concluded by 9/30/2021.

Second Request for Production to be served by 9/30/2021.
All expert depositions to be concluded by 10/31/2021.

Each party to be entitled to one supplemental Rule 31 deposition, in addition existing deposition limit to be conducted before 11/15/2021.
Each party to be entitled to 30(b)(6) deposition in addition to depositions of individual people and in addition to existing discovery limitations, to be held between 9/15/2021 and 10/31/2021.

Final MSJ served on or before 11/30/2021.
MSJ Opposition due on or before 12/30/2021.
Argument on MSJ on or before 2/15/2022.
Final Pretrial Conference 4/1/2022.

**Plaintiff's proposed depositions**
1. Beth Renner (Town Beautification Comm.)
2. Joe Parisi (DPW)
3. Lori Greenslade (DPW)
4. Sarah Wilkinson (BOS)
5. Whitney Boyle (Harbor Comm)
6. Bruce Reed (DPW)
7. Mitch Vieira (TA)
8. Scott Story (Harbor)
9. Gary Gorczyca (Transfer Station)
10. David Stillman (Harbor Comm.)

The Plaintiff also seeks leave to depose additional witnesses
11. Don Campbell (BOS)
12. Shaun McGuire (diver)
13. Reilly Fogarty (diver)

**Defendant's Schedule for Discovery and Dispositive Motions.**

    a. Initial Disclosures pursuant to Fed. R. Civ. P. 12(a)(1):   July 30, 2021.
    b. Fact Discovery Deadline:   November 1, 2021
    c. Plaintiff's Expert Witness Disclosure if any:   December 1, 2021
    d. Defendant's Expert Witness Disclosure:   January 4, 2022
    e. Expert Discovery Deadline:   February 1, 2022
    f. Deadline for Filing Dispositive Motions:   March 1, 2022

**Defendant's Proposed Discovery Limits:**

    Defendant proposes that written discovery be conducted pursuant to the limits set forth in Local Rule 26.1(c) with each side limited to 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production of documents.

Defendant proposes that each party be limited to five (5) depositions and that the depositions be conducted remotely using the Zoom platform or the virtual platform used by the stenographer retained to conduct the deposition.  If the Court is not inclined to order that the depositions be held remotely, Defendant requests that the depositions be conduct in Rockport, Massachusetts or somewhere within the vicinity and that the deponents not be required to travel into Boston.[1]

Defendant proposes that the Court limit each party to five (5) depositions due to the narrow scope of the issues that remain in dispute, namely, (1) whether the Town conferred a benefit to scuba divers by giving scuba diver permits without conditions, for no fee in contrast to other special permitted activity as alleged by Plaintiff(Count III), and (2) whether the Town engaged in a pattern of official harassment and retaliation against Plaintiff for Plaintiff's petitioning the Town with respect to the scuba divers on Back Beach (Count IX).  The parties do not need more than five (5) depositions to discover information relevant to this particular lawsuit.

Plaintiff's request for thirteen (13) depositions is either done to harass the Town and to cause the Town to incur attorneys' fees and cost or to obtain discovery in the myriad of other lawsuits the Plaintiff Committee members have brought in some form against the Town. The same is evident from Plaintiff's proposed list of deponents.  For example, Plaintiff proposes to depose Beth Renner, a resident who abuts one or more of the Committee member's properties. In Plaintiff's Opposition to Defendant's Motion to Quash deposition subpoena to Beth Renner, Plaintiff stated that Ms. Renner's deposition was relevant because she had signs posted in support of the scuba divers.  Whether she does or not is not relevant to the discrete claims that are the subject of this lawsuit. Similarly, the depositions of scuba divers are not relevant to whether the Town conferred a benefit on scuba divers by issuing permits without conditions and for no fee in contrast to other permits issued for the use of Back Beach. That information is easily discernable by a review of the permits issued by the Town for the use of Town beaches. Similarly, there is no information that Gary Gorczyca of the Town's Transfer Station could conceivably have that is remotely relevant to the two claims that remain in Plaintiff's lawsuit. Further, and without admitting at this point that the other individuals that Plaintiff lists as potential deponents have relevant information concerning Plaintiff's remaining claims, Members of the Board of Selectmen, Sarah Wilkinson and Don Campbell have no information relevant to the subject matter of this action.  Not only should Plaintiff not be allowed to use this lawsuit, to discover information relevant to other pending actions, but deliberations of Members of the Board of Selectmen are not discoverable. Plaintiff should have to proffer what information any Member of the Board of Selectmen has that is relevant in any way to Plaintiff's remaining claims in this lawsuit. Finally, and for the same reasons set forth above for Members of the Board of Selectmen, the depositions of Members of the Harbor Advisory Committee are not proper.

---

[1] Plaintiff's Counsel subpoenaed  non-party Beth Renner to an in-person deposition in Boston, Massachusetts in a Plaintiff filed on behalf of "petitioners" whom Plaintiff's Counsel represented are the same as the Back Beach Committee Members in a  case filed in Superior Court, *Rockport Independent Fire District Petitioners v. Town of Rockport, Et al*, Essex Superior Court C.A. No. 2177CV000464.   Not only did Plaintiff not allow the witness and defense counsel to attend the deposition via Zoom, but the deposition was a total waste of time and clearly was done to harass the non-party witness.

Once Defendant learns the identities of the Committee Members and the basis for their retaliation claim, Defendant may notice the deposition of Committee Members who allege a specific act of retaliation by Defendant.

**Additional Comments by Plaintiff Committee**

The Plaintiff Committee vigorously disputes the characterizations of the Town.[2]

The Committee avers that Defense Counsel was personally informed over the telephone in July 2020, by Plaintiff's counsel, of the identities of the relevant members. The identities of the representative members have also been disclosed in joint documents (to the Land Court) over Defense Counsel's signature. The Defense Counsel's insistence on the identities of the members is an attempt to chill the Committee's rights to associational privacy and to petition by litigation under the First Amendment. For the record, the Committee and its counsel have agreed that for structural purposes it is governed by four directors, Mrs. Stephanie Rauseo, Mr. John Franco, Mrs. Anne Franco, and Mr. Thomas Giblin. Other members, previous disclosed in public, are Mr. and Mrs Cerundulo.

The Plaintiffs' Counsel vehemently denies any abuse of any discovery process. Beth Renner previously provided, and will again provide relevant and material evidence. The Town's request that the Committee provide a threshold showing of its witnesses is offensive. Not that the Committee can not provide such a showing, but it is an attempt to preemptively and procedurally posture the Committee as a nuisance. Given Defense Counsel's objectionable bearing at the deposition of Mrs. Renner, and obstructive litigation posture, it appears true that this litigation will be problematic.

The Plaintiff vigorously contests that the "deliberations" of the Board of Selectmen or any other committee of the Town is not discoverable, unless in a properly convoked executive session under the Open Meeting Law, G. L. c. 30A §§18-25. Massachusetts has declined to recognize either a deliberation privilege or an executive privilege. *See* Mass. Guide to Evidence, §518, note (2020) ("Unlike the Federal system, neither the Massachusetts courts nor the Legislature has established a 'deliberative process privilege' that prevents a party from obtaining documents from a public officer or agency that record the deliberative process leading up to a decision by

---

[2] There was no question of "allowing" Zoom for purposes of the deposition of Beth Renner. The Plaintiff's Counsel has typically done all of his business, where possible, with the firm of Bramati & Lyons for a decade of practicing law. When choosing ground, all such choices have been made in favor of the rooms of the Social Law Library at the John Adams Courthouse. The Courthouse and library remained closed, due to Covid. The Plaintiff's Counsel's preferred ground for deposition not being available, the Court reporter kindly offered his conference room. The Plaintiffs' Counsel himself works out of a home office which is not suitable for conducting depositions. The Court reporter's conference room is not wired for wifi and he could not guarantee a solid zoom connection. Social Law does possess facilities to allow zoom depositions. The Plaintiffs' Counsel objects that, vis-à-vis a witness, zoom does not allow for important nuances of face-to-face communication. Once Social Law reopens in the next three weeks, it will be possible to offer opposing counsel a zoom connection although the Plaintiffs' Counsel will, unless otherwise ordered, continue to insist on in-person appearances for the witness. Likewise, while Town Counsel may not understand or appreciate the evidentiary value of Mrs. Renner's testimony, her experience with the Rockport fire department provides an objective metric from which the Committee can assert, in its other case, that the Town Hall administration has badly mismanaged the Town's Fire Department.

the officer or agency…Likewise, there is no 'executive privilege' under the Massachusetts Constitution similar to the privilege which exists under the Federal Constitution.").

The Town's efforts to impose discovery limitations are based on a willful and deliberate misunderstanding of the Committee's case. Mrs. Renner is a member of the Town's beautification committee, a public official, and she not merely has signs supporting the divers but has posted such on public property repeatedly and the Committee is entitled to ask her if it is official policy and was done at the Town's direction. Mr. Gorczyca not only falsely accused Valerie DiGregorio of being a member of the Committee (subsequently apologizing to her) he was doing so for purposes of directing the outrage of an online mob. Mr. Gorczyca has doxxed Committee members twice, once while they were attending civic functions. Mr. Gorczyca is also a transfer station employee who may be in a position to corroborate Mr. Giblin's testimony (already on file with the Court) that the Chairman of the Board was shredding and disposing of official document, in violation of the state's Record Management Law and entitling the Committee to a spoliation inference, and a spoliation instruction.

Selectmen Campbell met with the Committee Members, while it was organizing, and deciding how to address their quality of life issues with the divers. He met with a whole group of neighbors over the diver issues twice. It is, in fact, Mr. Campbell who recommended that the Committee obtain counsel and pursue litigation. Even if he only attests to information which he already gave to the Committee in a community meeting at Mrs. Rauseo's house, that information will not be as easily impeached since it comes from a witness without a personal stake in the outcome of the litigation. Both Mr. Campbell and Mrs Wilkinson are policy-makers in the Town, as selectmen. Since the Article VI complaint challenges a public policy of the town conferring special treatment on the divers, and the retaliation complaint challenges an official and continuous policy of retaliating against Committee members for their organizing, petitioning, and their public speech, both will be critical witnesses.

It sounds like what the Town is really after is a list of specific instances of retaliation against the Committee. The Committee, upon being presented with a Rule 12(e) motion will happily present something akin to a bill of particulars, alleging at least two dozen specific instances, with an assertion that they are part of a general pattern and policy of harassment and retaliation.

The Town's request for limitation on the location of deposition is problematic. It contravenes L. R. 30.1 which specifically defines Boston as a convenient place to depose anyone who resides in Essex County. Nor is this the type of pedantic dispute into which the Court should be drawn. Rather, had the Town's Counsel expressed the desire to Plaintiff's Counsel to depose in Rockport, that could potentially be accommodated. For example, an agreement from the Town that it would offer up its meeting room at Town Hall for depositions taken during business hours with two weeks notice would happily solve its problems. The Plaintiffs' Counsel has on all occasions sought to be reasonable. When Mrs. Renner expressed concern about traffic on the Friday holiday, with Town Counsel's consent, the deposition was moved to Tuesday. The Town's additions to the joint report unfairly and inaccurately paint the Plaintiffs and their counsel as some kind of monsters.

RESPECTFULLY SUBMITTED,

| Defendant | Plaintiff |
|---|---|
| By their attorneys, | By its attorneys, |
| /s/ *Deborah I. Ecker* | /s/ *Michael C. Walsh* |
| Deborah I. Ecker (BBO# 554623) | Michael C. Walsh (BBO# 681001 ) |
| KP Law, PC | P.O. Box 9 |
| 101 Arch Street, 12th Floor | Lynnfield, MA  01940 |
| Boston, MA 02110-1109 | walsh.lynnfield@gmail.com |
| (617) 556-0007 | 617-257-5496 |
| decker@k-plaw.com | |